**UNITED STATES, Appellee,**

v.

**Keith R. COOPER, Specialist Four, U.S. Army, Appellant.**

No. 62,793.
CM 8702810.

U.S. Court of Military Appeals.

June 21, 1990.

For Appellee: *Colonel Alfred F. Arquilla, Major Kathryn F. Forrester, Captain Maria C. Fernandez, Captain James K. Reed* (on petition).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial comprised of officer and enlisted members at the Lucius D. Clay Kaserne, Garlstedt, Federal Republic of Germany. Contrary to his pleas, he was convicted of premeditated murder, larceny, and committing indecent acts, in violation of Articles 118(1), 121, and 134, Uniform Code of Military Justice, 10 USC §§ 918(1), 921, and 934, respectively. The charges were referred for trial as a noncapital case. Appellant was sentenced to dishonorable discharge, confinement for life, forfeiture of $500 pay per month for 600 months, and reduction to E–1. The sentence was approved by the convening authority, and the findings and sentence were affirmed by the Court of Military Review. 28 MJ 810 (1989).

Appellant met a male German national (the deceased) in a gasthaus, and the two spent the evening drinking and partying. They wound up at the German's apartment with homosexual activity in mind. According to appellant's pretrial admissions, the victim agreed to be tied up during the activity. Appellant bound him securely hand and foot with various articles of clothing and electrical wire. Appellant also tied a tight gag around the victim's mouth and a ligature around his neck. While appellant was masturbating the victim, appellant leaned on his chest with a knee and tightened the ligature around his neck. Afterward, appellant ransacked the deceased's apartment looking for valuables, but found only a few items of nominal value, which he took. Exactly when the victim died during these events is not clear. However appellant, trained as a medic, never loosened the gag, which was still tightly in place when the corpse was discovered

hours later. It is not clear from the record whether he loosened the ligature, which remained in place around the victim's neck.

During a subsequent interrogation by German and American authorities, appellant initially denied that this death was intentional. At one point, however, according to the investigators, appellant conceded that he decided to kill the victim after he tied him up so that nobody would discover he had had sex with a man. Later, appellant retracted this version and returned to the original story that death was unintended. Appellant did not testify on the merits. On final argument, defense counsel argued that the investigators put the words of intent into appellant's mouth and that the victim's death was simply accidental. The court members obviously did not accept the defense version.

The granted issue does not relate to the merits at all. Instead it asks:

WHETHER THE MILITARY JUDGE CORRECTLY RULED THAT TRIAL COUNSEL ARTICULATED A SUFFICIENTLY RACE–NEUTRAL EXPLANATION FOR HIS USE OF A PEREMPTORY CHALLENGE AGAINST A PANEL MEMBER OF APPELLANT'S RACE TO SUSTAIN THAT CHALLENGE.

We hold that the military judge did not abuse his discretion (*i.e.*, the explanation was sufficient under the circumstances) and we affirm.

The Court of Military Review has well-summarized the facts, as follows:

The convening authority appointed ten soldiers to sit as court members on appellant's court-martial. Six of the members were officers and four were senior noncommissioned officers as the appellant had requested that his court include enlisted persons. Two of the members appointed, Captain (CPT) Brenda Brown, a female company commander, and Command Sergeant Major (CSM) Williams were black [as is appellant]. The *voir dire* examination of CPT Brown by the prosecution was entirely innocuous and no attempt was made to establish a challenge for cause against CSM Williams. Following *voir dire* examination of the members, the prosecutor exercised his single peremptory challenge against CPT Brown. The trial defense counsel objected to this challenge on the grounds that the granting of this challenge would deny the appellant his constitutional right of equal protection. He pointed out to the court that CPT Brown was the only female officer appointed to the panel and also one of two black members appointed to the court-martial. The military judge advised the trial defense counsel that the prosecutor was not required to state any reasons for the challenge, but, nevertheless, directed the prosecutor to state unequivocally whether his challenge was racially motivated. In response, the prosecutor answered:

[I] would specifically note that Command Sergeant Major Williams is black so we have not denied the accused of having [sic] a panel of different races and creeds and the prosecution has taken into consideration what it knows about CPT Brown's prior duty experience, current duty position, has had an opportunity to review her [Officer Record Brief] and her forms 2 and 2–1 and, taking all those things into consideration, we exercise our right to peremptorily challenge somebody that ... to bring the court down to a certain number we want or for whatever reason.

The military judge considered the foregoing statement—which was no model of clarity—and then advised the prosecutor that he desired the prosecutor to state unequivocally for the record that he was not challenging CPT Brown because she was black or female. The prosecutor then stated that the judge was correct. However, the judge, still unsatisfied with the prosecutor's response, then asked whether those two factors entered into the prosecutor's consideration. The prosecutor responded:

The fact she is black, none whatsoever.

\*  \*  \*  \*  \*  \*

[And female?]

\* \* \* \* \* \*

Marginal—just considering what outlook she might present to this case, what her experiences might be as they relate to the evidence the government knows will be put forth here, that I reiterate, the fact she is a woman is just marginally ... *what we're really relying on is what all know about her current duty position [company commander], past experience in the Army, i.e. [sic], her worldly experience.*

The defense counsel, who had not reviewed CPT Brown's records, then requested that the prosecutor be required to articulate with particularity what the prosecutor had observed in her records as well as any problems observed in past-duty experience which may have constituted a basis for his challenge.

The military judge denied the request stating:

> [T]he court is satisfied the trial counsel has stated sufficient reason recognized by the law for him to exercise the government's right to a peremptory challenge. I will uphold the challenge. Your objection is noted for the record.

28 MJ at 811–12 (emphasis added; footnotes omitted).

As the Court of Military Review noted, appellant's trial occurred after the Supreme Court issued its opinion in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), but before any military appellate court applied *Batson* to courts-martial. In *Batson*, the prosecutor used his peremptory challenges to strike all four prospective jurors who were of Batson's race. Defense counsel moved to dismiss the jury on Sixth and Fourteenth Amendment grounds; but the judge denied the motion, "reasoning that the cross-section requirement applies only to selection of the

venire and not to selection of the petit jury itself." 476 U.S. at 83, 106 S.Ct. at 1715. Disagreeing with the trial judge, the Supreme Court remanded for the trial court's determination of whether "the facts establish, prima facie, purposeful discrimination." *Id.* at 100, 106 S.Ct. at 1725.

After appellant's court-martial was completed, we held in another case that a government use of its single peremptory challenge to strike the only panel member of an accused's race raised a *prima facie* showing of discrimination. *United States v. Santiago–Davila*, 26 MJ 380 (CMA 1988). Still later, we ruled prospectively that "every peremptory challenge by the Government of a member of the accused's race, upon objection, must be explained by trial counsel." *United States v. Moore*, 28 MJ 366, 368 (CMA 1989) (footnote omitted). These holdings admittedly constitute extensions of *Batson*.

As noted by the Court of Military Review, the judge did not accept trial counsel's "mere denial" of a racial motive,\* even though the judge lacked the guidance of our later cases. Rather, the judge elicited an explanation based on familiarity with the member's prior duty experience and current duty position, and a review of her personnel records. From this, the Court of Military Review deduced "[t]he obvious inference ... that the prosecution was probably concerned about certain actions taken by CPT Brown during her tenure as a company commander." Further, the Court noted:

> The *voir dire* examination by the prosecution was innocuous and the record other than the prosecutor's colloquy with the military judge is silent. No attempt was made to challenge CSM Williams for any reason. Consequently, the prosecution made no attempt to achieve a mo-

---

\* In light of the granted issue, we need not decide whether a challenge based on Captain Brown's sex could also be sustained. *See generally Holland v. Illinois*, — U.S. —, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990). In any event, as the Court of Military Review noted, "[A]lthough the prose-cutor stated that his challenge was marginally based on CPT Brown's gender, his later statements support a strong inference that the challenge was based on her known proclivities as an individual and not on her gender." 28 MJ 810, 812 n.3 (1989).

nochromatic panel, a fact which belies any racially discriminatory purpose.

On these bases, the Court of Military Review found "no abuse of discretion by the trial judge." 28 MJ at 815.

We commend the trial judge for his prescient application of *Batson* to this court-martial. Although in future cases, given the guidance of our later opinions, we might expect even more specificity of explanation by trial counsel, we agree with the Court of Military Review's "race neutral" construction of trial counsel's motive. As such, this record is sufficient to rebut the inference of discriminatory purpose. We note also that there was no evidence of a pattern of racial discrimination by this prosecutor; the challenge did not deprive the court-martial of all members of appellant's minority; and most importantly, the military judge made a proper and timely inquiry and satisfied himself that the basis of the challenge was not racial.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.