**UNITED STATES, Appellee,**

v.

**Private First Class Bryan C. WOODS, 357–78–9078, United States Army, Appellant.**

**ACMR 9301308.**

U.S. Army Court of Military Review.

18 May 1994.

For Appellant: Captain Don F. Pollack, JAGC (argued); Colonel Stephen D. Smith,

JAGC (on brief); Major Robin L. Hall, JAGC.

For Appellee: Captain Kenneth G. Wilson, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

MORGAN, Judge:

The appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to his pleas, he was found guilty of making a false official statement and wrongful use of marijuana and lysergic acid diethylamide, in violation of Articles 107 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 912a (1988). He was sentenced to a bad-conduct discharge, confinement for one year, and reduction to Private E1, which was approved in its entirety by the convening authority. A pretrial agreement contained a provision for suspending confinement in excess of ten months, but the convening authority granted additional clemency by suspending the confinement adjudged in excess of nine months for twelve months.

Before this court the appellant contends, inter alia, that the military judge erred by granting the trial counsel's peremptory challenge of a minority court member, since the trial counsel's articulated explanation for the challenge was not racially neutral. We disagree and affirm.

After the voir dire examination of the court members was completed, the military judge asked the government if it had a peremptory challenge. The following colloquy occurred:

TC: We would like to exercise our peremptory challenge regarding Staff Sergeant Perez.

DC: Your Honor?

MJ: Yes.

DC: The defense would just ask what nationality is Staff Sergeant Perez?

MJ: That I don't know. We can call him. I mean he has an Hispanic name. I don't know whether he has—

DC: Your Honor, if he is Hispanic the defense would make a Batson[1] motion to ask for a reason that the government is challenging Staff Sergeant Perez.

MJ: Is PFC Woods [the accused] Hispanic?

DC: No he's not, Your Honor.

Although neither Staff Sergeant (SSG) Perez's nationality nor his racial group was ever actually determined, the military judge assumed for purposes of the motion that he was a member of a cognizable minority. After arguing that the *Batson* issue was being misapplied, the assistant trial counsel stated that the government was concerned because SSG Perez appeared to be inattentive:

ATC: It would not have mattered to us if Staff Sergeant Perez would have been black, white, of Asian de[s]cent, it would not have mattered at all. We just did not get a feeling from watching him and watching the way he's paying attention in court that we wanted him as a member in today's panel.... We just did not get a feeling that Staff Sergeant Perez was paying attention and would—be a good member for this panel. It had nothing to do with the fact that his last name was Perez. I mean, there is no drug stereotype here.

MJ: So his attentiveness and his responses that he made to the questions asked?

ATC: Just his attentiveness with the others—he obviously, sir, was—asked a few questions. It was just his attentiveness and the mannerism that he gave during the questioning of the other members.

The military judge then granted the government's peremptory challenge. Staff Sergeant Perez had been the most junior enlisted member detailed to this court-martial

---

1. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in which the Supreme Court held that a state prosecutor violates the Equal Protection Clause of the Fourteenth Amendment when he exercises a peremptory challenge because of a potential juror's race or an assumption about that juror's race. The Court of Military Appeals applied *Batson* to the military justice system in *United States v. Santiago-Davila,* 26 M.J. 380 (C.M.A.1988).

panel. The defense exercised its peremptory challenge to remove the most senior officer member of the panel. The net effect was to reduce the size of the panel from ten members to eight.

■■■ Accused soldiers have the right to be tried by a panel from which no "cognizable racial group" has been peremptorily excluded, and Hispanics are considered as such a group for purposes of applying this rule. *Santiago–Davila,* 26 M.J. at 390–91. Moreover, criminal defendants have standing to raise the equal protection claims of jurors excluded by the prosecution through race-based peremptory challenges, whether or not the defendant and the excluded jurors share the same race. *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). We find no reason to exempt the military justice system from this rule and, accordingly, hold that *Powers* applies to peremptory challenges exercised by the government at trials by courts-martial.

■ The procedure for evaluating peremptory challenges of minorities involves three steps: (1) a defendant must make a *prima facie* showing that the prosecutor has exercised a peremptory challenge on the basis of race; (2) the burden then shifts to the government to articulate a race-neutral explanation for striking the jurors in question; and (3) the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. *Batson,* 476 U.S. at 97–98, 106 S.Ct. at 1723–24.

The real question contested in this case is whether the trial counsel's explanation constituted a sufficiently clear and reasonably specific race-neutral justification for the peremptory challenge.

In *United States v. Greene,* 36 M.J. 274 (C.M.A.1993), the Court of Military Appeals, citing *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991), defined a race-neutral explanation:

A neutral explanation in the context of our analysis here means an *explanation based on something other than the race of the juror.* At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. *Unless a discriminato-*

*ry intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral.*

Even if a race-neutral explanation has been proffered by trial counsel for the peremptory challenge, that does not end the military judge's duties. The military judge must still determine whether "the asserted justification is merely a pretext for intentional race-based discrimination." *Batson,* 476 U.S. at 93, 106 S.Ct. at 1721.

Appellate defense counsel suggests that the true reason the trial counsel challenged SSG Perez was inadvertently revealed when he identified several factors that he specifically did *not* consider, such as "there is no drug stereotype here." A close and careful reading of the record, however, persuades us not to embrace such an incongruous leap of logic.

■ We find the trial counsel's explanation to be sufficient on its face, and that it was not a mere pretext for improper and deliberate discrimination. The government certainly has a legitimate interest in a court-martial panel composed of members who will pay attention to the proceedings. *See United States v. Boswell,* 36 M.J. 807 (A.C.M.R. 1993). Although it would have been helpful to review a more articulate and detailed justification, we will not impose such a burden on the facts of this case.

■ It is the ultimate responsibility of the military judge to determine the existence of purposeful discrimination on the part of trial counsel. He must review the record and weigh trial counsel's credibility before he makes a factual determination regarding the presence or absence of purposeful discrimination in the panel member's rejection. Moreover, the military judge must determine if the asserted justification is merely a pretext for intentional race-based discrimination. Appellate courts will not normally set aside the military judge's findings on this factual question unless clearly erroneous. *Greene,* 36 M.J. at 281 (citing *Hernandez v. New York,* 500 U.S. at 362–63, 111 S.Ct. at 1868–69).

We conclude that the appellant has failed to carry his burden of proving purposeful discrimination, and under the facts of this case the military judge did not err in allowing the government's peremptory challenge.

We have reviewed the remaining assignments of error and find them also to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge GONZALES concur.