UNITED STATES, Appellee,

v.

**Private E2 Patrick D. TULLOCH,**
**118–62–2999, United States**
**Army, Appellant.**

ARMY 9400329.

U.S. Army Court of Criminal Appeals.

28 Feb. 1996.

Reconsideration Denied April 29, 1996.

3d Infantry Division. W.G. Fischer, Military Judge.

For Appellant: Captain Michael E. Hatch, JA (argued); Major Michael A. Egan, JA; Captain Silas R. DeRoma, JA (on brief); Lieutenant Colonel John T. Rucker, JA.

For Appellee: Captain John W. O'Brien, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA (on brief); Captain Chris A. Wendelbo, JA.

OPINION OF THE COURT

RUSSELL, Judge:

A military judge accepted appellant's pleas of guilty to possessing and transporting a firearm and usury (thirteen specifications) in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1988) [hereinafter UCMJ]. A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of attempted armed robbery and conspiracy in violation of Articles 80 and 81, UCMJ, 10 U.S.C. §§ 880 and 881. The convening authority approved the sentence of confinement for three years, a bad-conduct discharge, total forfeitures, a $5,000.00 fine, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ. 10 U.S.C.A. § 866. We have considered the record of trial, the assignments of error, the errors personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the government's reply thereto, and we have heard oral argument.

■ The appellant asserts that the military judge erred in allowing trial counsel's peremptory challenge against a panel member of appellant's race. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The military judge's determination on this ultimate issue of discriminatory intent is a factual one which will not be set aside unless clearly erroneous. *United States v.*

*Greene,* 36 M.J. 274 at 281 (C.M.A.1993) (citing *Hernandez v. New York,* 500 U.S. 352, 362–63, 111 S.Ct. 1859, 1867–68, 114 L.Ed.2d 395 (1991)). However, we cannot decide whether the judge's ruling was clearly erroneous until we find that a proper record exists. *See United States v. Moore,* 28 M.J. 366 (C.M.A.1989).

## I. THE RECORD

During group voir dire, the defense counsel and a panel member engaged in the following exchange:

DC: Staff Sergeant E, you're the junior member of this panel, obviously, by the rank that you have. If you believe, at the end of the government's case, that they have not met—that they have failed to prove their case beyond a reasonable doubt and that, therefore, Private Tulloch was not guilty, and every other panel member disagreed with you and thought him to be guilty, would you, nevertheless, vote not guilty—

SSG E: Yes.

DC: —or could you be swayed to turn because of everybody else?

SSG E: No.

DC: So if you believed he was not guilty, no rank could influence you to change your vote?

SSG E: [Negative response.]

Neither counsel nor the military judge noted for the record anything specific concerning Staff Sergeant (SSG) E's demeanor. Staff Sergeant E was not asked any other questions during group or individual voir dire. After asking for challenges for cause, the military judge asked the trial counsel whether the government desired to exercise a peremptory challenge. The trial counsel's response and the exchange thereafter is provided below:

TC: A little overly eager, sir. I'm sorry. The government would challenge Staff Sergeant E, sir. And in anticipation of the *Batson* issue—

MJ: Yes?

TC: —the government's position is that it was Staff Sergeant E's demeanor when [defense counsel] questioned him about whether he would be influenced at all by other members of the panel, and just his demeanor, in general. I was observing him during voir dire, and he seemed to be blinking a lot; he seemed uncomfortable. The government's not challenging him at all based on his race.

MJ: And the fact that he's the junior member—does that have any bearing?

TC: No, sir, it does not.

MJ: Okay.

DC: Your Honor, I'd object to that based upon *Batson.* His answer was very unequivocal. He showed no emotions throughout. There was no motions [sic] noted; there was [sic] no emotions throughout. His entire answer—he answered one question—just like—I mean, that could—you could—every panel member who answered a question could be struck for that reason, and we object that is a subterfuge that there is something else here, and we object to that striking—that challenge for—the peremptory challenge.

MJ: [Trial counsel] has been very forthright with the Court in the past. I assume, [trial counsel], that you're, likewise, being forthright this time; that you have no other reason for substituting—or for excusing this member?

TC: No, sir, we do not.

MJ: And it's particularly not race—although I do note that there are several other minority members on the panel, including the sergeant major who was just in, as well as one female member—

TC: Sir, Sergeant First Class B and Sergeant First Class A.

ATC: And, for the record, sir, Lieutenant Colonel C is also a minority member, based on his worksheet.

MJ: Okay. Well, I'm satisfied that the government has exercised its peremptory challenge on a nondiscriminatory basis, just as the defense, by observing the demeanor of members, may perceive a member to be glaring at the accused or at counsel and feel uncomfortable with that member's demeanor. The government is similarly entitled to excuse a member.

## II. *BATSON* AND MILITARY LAW

■ An accused's right to equal protection is violated if the prosecutor engages in intentional discrimination based on race in the use of a peremptory strike. *Batson v. Kentucky,* 476 U.S. 79, 100, 106 S.Ct. 1712, 1725, 90 L.Ed.2d 69 (1986). *Batson* applies to the military. *United States v. Santiago–Davila,* 26 M.J. 380 (C.M.A.1988). The burden of proving purposeful discrimination rests with the accused and never shifts. *Purkett v. Elem,* —— U.S. ——, ——, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995). The Supreme Court has enunciated a three-step *Batson* analysis which we will apply here. *Purkett,* —— U.S. at ——–——, 115 S.Ct. at 1770–1771.

### Step 1

■ A *Batson* challenge is a peremptory challenge made to exclude from membership on a court-martial a member of a cognizable racial group who is also of the same race as the accused. *Santiago–Davila,* 26 M.J. at 391 (C.M.A.1988). Step 1 is complete as soon as the defense counsel objects to a *Batson* challenge, because such an objection establishes a prima facie case of purposeful racial discrimination. *United States v. Moore,* 28 M.J. 366 (C.M.A.1989) (adopting a per se rule).

### Step 2

■ Once the accused has established a prima facie case of racial discrimination, the burden of production shifts to the government at step 2 to come forward with some rebuttal evidence. The quantum of evidence necessary for successful rebuttal is not great: the government need only come forward with a (facially) race-neutral explanation.[1] *Purkett,* —— U.S. at ——, 115 S.Ct. at 1771; *see also United States v. Woods,* 39 M.J. 1074, 1076 (A.C.M.R.), *pet. denied,* 42 M.J. 20 (C.M.A.1994). The explanation need not be persuasive, or even plausible—just facially race-neutral. *See Purkett,* —— U.S. at ——, 115 S.Ct. at 1771. If the trial counsel cannot

muster a facially race-neutral explanation, the accused has proved purposeful racial discrimination and the military judge must deny the challenge. *United States v. Greene,* 36 M.J. 274, 281 (C.M.A.1993).

■ In the case at bar, the trial counsel explained her *Batson* challenge by saying it was based on the member's demeanor: "[H]e seemed to be blinking a lot; he seemed uncomfortable." Inasmuch as no discriminatory intent is evident on the face of the explanation, we find that the reason offered was sufficient at step 2 to avoid summary denial of the challenge.

### Step 3

■ At step 3, the military judge must decide whether the accused has proved purposeful racial discrimination. *Purkett,* —— U.S. at ——–——, 115 S.Ct. at 1770–1771. Even if the prosecutor has come forward with a facially race-neutral explanation, an accused may still carry his burden of proof by persuading the judge that the trial counsel's asserted justification is "merely a pretext for intentional race-based discrimination." *Batson,* 476 U.S. at 93, 106 S.Ct. at 1721; *see also United States v. Woods,* 39 M.J. 1074, 1076 (A.C.M.R.), *pet. denied,* 42 M.J. 20 (C.M.A.1994). At this stage, the clarity and persuasiveness of the trial counsel's explanation becomes highly significant: ambiguous or implausible justifications "may (and probably will) be found to be pretexts for purposeful discrimination." *See Purkett,* —— U.S. at ——, 115 S.Ct. at 1771.

## III. A PROPER RECORD

■ The Supreme Court left it to the lower courts to determine the procedure to be used to distinguish between peremptory challenges that are discriminatory and those which are not. *Batson,* 476 U.S. at 99, 106 S.Ct. at 1724. However, some general guidance does exist. The *Batson* procedure must be one that is sufficient under the circumstances of the case to create a "proper record" from which trial and appellate judges

---

1. "Generally, no reason is necessary for a peremptory challenge." Rule for Courts–Martial 912(g)(1) discussion [hereinafter R.C.M.]. The requirement to state a justification for a *Batson*

challenge is not to justify the challenge itself, but to clearly establish its race-neutral character for the record.

may "determine fully the reasons for the trial counsel's use of the peremptory challenge." *See United States v. Moore*, 28 M.J. 366 (C.M.A.1989) (insufficient record of *Batson* challenge returned to complete factfinding).

 In a case where the prosecutor proffers a facially race-neutral explanation, the factual inquiry at step 3 rises to a new level of specificity for the accused. *See Elem v. Purkett*, 64 F.3d 1195, 1201 (8th Cir.1995). If the accused does no more than rest on his objection, argument will be enough to complete the record. *Moore*, 28 M.J. at 369; *see Elem*, 64 F.3d at 1201. However, if the accused mounts a more credible challenge to the trial counsel's motive, more extensive proceedings may be in order to make a "proper record." *See Moore*, 28 M.J. at 369. Only when the record is complete with the trial counsel's full explanation for the peremptory challenge, is the issue of purposeful discrimination ripe for judicial determination.

## IV. DISCUSSION

 The issue remaining is whether the record resulting from the *Batson* procedure fashioned by the military judge was sufficiently complete to determine whether purposeful racial discrimination occurred. We believe it was not.

The prosecutor's explanation did not shed any light on her motive. She did not articulate any connection, race-neutral or otherwise, between what she observed of the member's demeanor and what that demeanor indicated concerning the rejected member's ability to faithfully execute his duties on a court-martial. She explained that she challenged the member because he "blinked a lot" and "seemed uncomfortable" during voir dire questioning by the defense that focused on Staff Sergeant E's capacity to withstand pressure from more senior members who believed the accused to be guilty. Staff Sergeant E was the junior member detailed to this court-martial. After hearing the trial counsel's ambiguous explanation, the military judge asked the trial counsel whether the member's junior status had any bearing on her challenge. She replied, "No sir, it does not." [2] This concluded the judge's inquiry, which established only what wasn't the reason for the challenge.

Appellant's trial defense counsel did much more than merely object.[3] He disputed fully the prosecutor's characterization of the member's demeanor and pointed out the facile nature of her explanation. Significantly, the defense counsel specifically contradicted the factual accuracy of trial counsel's description of the member's demeanor; he stated that the rejected member's answers had been "unequivocal," and that he had showed "no emotion" during voir dire. Ultimately, the defense counsel argued that the prosecutor's explanation was a "subterfuge."

 When presented with this credible challenge to the factual predicate for, and rationality of, her peremptory challenge, the trial counsel utterly failed to defend it as non-pretext.[4] More importantly, the military judge did not seek to clarify the gist of the trial counsel's challenge and took no action to resolve the disputed accuracy of trial counsel's characterization of the member's de-

2. "Peremptory challenges, by enabling each side to exclude [panel members] it believes will be most partial *toward the other side*, are a means of eliminating extremes of partiality on both sides, [citing *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965)], thereby assuring the selection of a qualified *and unbiased* jury" [citing *Batson v. Kentucky*, 476 U.S. 79, 91, 106 S.Ct. 1712, 1720, 90 L.Ed.2d 69 (1986)]. *Holland v. Illinois*, 493 U.S. 474, 484, 110 S.Ct. 803, 809, 107 L.Ed.2d 905 (1990) (emphasis added). Trial counsel's challenge reflects no apparent advantage to the government's side, thereby adding to the ambiguity of her explanation.

3. At this point, the facts of this case diverge from those in *Elem v. Purkett:* Jimmy Elem's defense counsel made no attempt to persuade the trial court that the prosecutor's reasons were merely a pretext for purposeful discrimination. *See Elem v. Purkett*, 64 F.3d 1195, 1201 (8th Cir. 1995). Thus, the record was sufficient to support the trial court's finding of no racial motive.

4. We do not mean to suggest here that the trial counsel's burden of production includes more than stating a facially race-neutral explanation. However, if counsel cannot summon a clear, nondiscriminatory reason for her challenge of a minority member, the challenge should be denied.

meanor.[5] Thus, for the record, the trial counsel's explanation for her challenge remains ambiguous and a key factual dispute remains unresolved.[6]

## IV. CONCLUSION

The issue of racial discrimination is too important to leave to the vagaries of speculation and inarticulate reasoning. The integrity of military trial and appellate justice requires a *Batson* procedure that results in a record that fully describes whatever basis exists for rejecting a minority member. Where the prosecutor's explanation for a *Batson* challenge is ambiguous, and the defense counsel mounts a credible challenge to both the rationality of the explanation and the reliability of foundation facts, we are satisfied that a military judge cannot reliably decide whether purposeful discrimination exists without first resolving predicate issues for the record.

## V. REMEDY

■■■ The Court of Military Appeals (now the Court of Appeals for the Armed Forces) has not expressly prohibited post-trial factfinding to complete the record in *Batson* cases on appeal, and suggests that proving trial counsel's motive through post-trial factfinding may sometimes be appropriate. *Moore*, 28 M.J. at 368, n. 7 (citing *United States v. Crawford*, 15 U.S.C.M.A. 31, 35, 35 C.M.R. 3, 7 (1964)). We must decide whether fact-finding at this late date would serve the interest of justice in this case.

*Moore* has been the law in the military since 1989. When the case at bar was tried,

the requirement to articulate clear and specific reasons for *Batson* challenges was a long-standing rule that should have been well-understood by military practitioners. Realistically, the last opportunity for accurate factfinding in this case was at trial. Accordingly, we are satisfied that post-trial factfinding on this *Batson* issue would not be appropriate.

The findings of guilty of Charge I and its Specification (attempted robbery), Specification 1 of Charge II (conspiracy to commit robbery), and Charge II are set aside. The remaining findings of guilty are affirmed. The sentence is set aside subject to the condition hereafter stated. The same or a different convening authority may order a rehearing on the Specification of Charge I and Specification 1 of Charge II and the sentence, which is conditionally set aside for the purpose of rehearing. If the convening authority determines that a rehearing on those charges is impracticable, he may dismiss the charges and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence likewise is impracticable, he may approve a sentence of no punishment.

Senior Judge CAIRNS and Judge TOOMEY concur.

---

5. We believe that the military judge should have resolved this dispute between two officers of the court on the record; the dispute involved an important primary evidentiary fact bearing directly on the ultimate issue of the genuineness of the trial counsel's motive.

6. We also note that in making his credibility determination, the military judge apparently relied on two irrelevant factors: (1) the presence on the panel of minority members of a different race and gender than the accused; and (2) the presence on the panel of another minority member of the same race as the accused. Regarding the second consideration, the trial court may not logically presume prosecutorial good faith when a prosecutor runs out of her peremptory challenges before she can exclude all the members of a particular group. *See United States v. Santiago–Davila*, 26 M.J. 380, 391 (C.M.A.1988).