**UNITED STATES**

v.

**James G. WITHAM, 264 85 5093, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 95 00906.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 12 Jan. 1995.

Decided 31 May 1996.

LT C.J. Mc Entee, JAGC, USNR, Appellate Defense Counsel.

LT Andrew J. Waghorn, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO and McLAUGHLIN, Senior Judges, and CLARK, J.

DeCICCO, Senior Judge:

Before a general court-martial composed of members, Sergeant Witham was convicted, contrary to his pleas, of making a false official statement and filing a false travel claim in violation of Articles 107 and 132, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 907, 932. The court-martial acquitted him of various other offenses, including rape and kidnapping. He was sentenced to be confined for 8 months, to forfeit $500 pay per month for 4 months, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge. The convening authority approved the sentence. Before this Court, the appellant assigns 5 errors for our consideration.[1] We find no merit in them and affirm.

---

1. I. ACTUAL UNLAWFUL COMMAND INFLUENCE DEPRIVED APPELLANT OF A FAIR TRIAL.

## The Allegation of Unlawful Command Influence

■ During a recess in the court-martial, the military judge learned that the Provost Marshal Officer [PMO], a Major [H], had told the president of the court-martial, Lieutenant Colonel [LtCol] [J], "I don't know why you won't let cops on courts-martial. I mean just because we feel after there's been a criminal investigation, an Article 32 investigation, we think maybe the guy's guilty." Record at 401. This statement was overheard by the deputy base staff judge advocate [DSJA], who immediately informed Major [H] that LtCol [J] was the "President of the Court." He said that Major [H] seemed a little bit surprised. *Id.* The DSJA testified that he did not think Major [H] knew that LtCol [J] was on the court. No other members heard the remark. Record at 405.

The military judge immediately asked LtCol [J] about the incident in the absence of the other members. LtCol [J] stated that he barely understood what Major [H] was saying, but assumed that he was saying that "the gentleman was guilty." Record at 402. LtCol [J] said that he was not influenced by the remark, that he could disregard it, and did not feel uncomfortable because of it.

After obtaining all of the facts surrounding the incident, the military judge asked both counsel if they had any challenges or any other matter. Both replied negatively. Record at 405. The military judge found, judging from both his answers and his demeanor, LtCol [J] had not been influenced by the remark, and allowed him to remain on the court. The appellant now argues that LtCol [J] should have been excused.

■ Having examined the entire record, including the appellant's acquittal of the most serious offenses he faced (rape and kidnapping), the fact that he was convicted of only offenses for which the evidence was overwhelming, and the facts surrounding the incident in which the remark was made, we are satisfied beyond a reasonable doubt that the findings and sentence have not been affected by Major [H]'s statement to LtCol [J]. *United States v. Stombaugh,* 40 M.J. 208 (C.M.A.1994). Moreover, the appellant's decision at trial not to challenge LtCol [J] or request other relief when invited to do so waived the issue. Rule for Courts–Martial 912(f)(4), Manual for Courts–Martial, United States, (1995 ed.).

## The Disallowance of the Defense's Peremptory Challenge

The appellant wanted to exercise his peremptory challenge against Staff Sergeant [SSgt] [H], the only female member on the court-martial panel. When he did so, the trial counsel noted that SSgt [H] was a female, and he requested the defense to specify a non-gender related reason for the challenge. The military judge asked the defense counsel if SSgt [H]'s gender had entered into the decision to challenge her. Defense counsel said it had. Record at 132. The military judge noted that SSgt [H] was the only female on the panel, and in light of the fact that the defense had no other basis for its peremptory challenge against her, found that

II. THE CONVENING AUTHORITY ERRED IN APPROVING APPELLANT'S SENTENCE BECAUSE THE RECORD OF TRIAL DOES NOT CONTAIN THE MILITARY JUDGE'S ESSENTIAL FINDINGS ON APPELLANT'S MOTION TO DISMISS.

III. APPELLANT'S SENTENCE IS INAPPROPRIATELY SEVERE BECAUSE THE NATURE OF HIS OFFENSES AND THE CHARACTER OF HIS SERVICE DO NOT WARRANT THE IMPOSITION OF A PUNITIVE DISCHARGE.

IV. THE MILITARY JUDGE ERRED BY DEPRIVING APPELLANT OF HIS STATUTORY RIGHT TO PEREMPTORILY CHALLENGE A FEMALE MEMBER OF HIS COURT–MARTIAL PANEL BECAUSE HE BASED HIS DENIAL OF APPELLANT'S CHALLENGE ON THE *BATSON* RATIONALE, WHICH WAS ERRONEOUS IN THAT THE COURT OF APPEALS FOR THE ARMED FORCES HAS NOT YET DECIDED THAT *BATSON* APPLIES TO MILITARY DEFENDANTS' GENDER–BASED PEREMPTORY CHALLENGES AT COURTS–MARTIAL. (CITATIONS OMITTED.)

V. THE MILITARY JUDGE ABUSED HIS DISCRETION DURING THE GOVERNMENT'S CASE IN CHIEF BY OVERRULING TRIAL DEFENSE COUNSEL'S OBJECTION TO INADMISSIBLE HEARSAY BECAUSE THE ANSWER SOUGHT, THAT APPELLANT'S WIFE WANTED A DIVORCE AND THEREFORE HAD NO INTENTIONS OF TRAVELLING TO GEORGIA TO LIVE WITH APPELLANT, DID NOT QUALIFY AS AN EXCEPTION TO THE HEARSAY RULE. (CITATIONS OMITTED.)

it was "improper." He allowed the defense to exercise its peremptory challenge against another member, and it did so. The appellant now asserts that the military judge's disallowance of the peremptory challenge against SSgt [H] was error.

▓ In *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that a defendant may raise an equal protection challenge to the use of peremptory challenges by showing that the prosecutor used them for the purpose of excluding members of the defendant's race. Likewise, in *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), the Court held that gender, like race, was an unconstitutional criterion for juror competence and impartiality. As the law now stands, whether the trial is civil or criminal, potential jurors, as well as litigants, have an equal protection right to jury selection procedures that are free from state-sponsored group stereotypes rooted in, and reflective of historical prejudice. *J.E.B.; Georgia v. McCollum,* 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992) (holding that criminal defendants violate the Constitution when engaging in purposeful discrimination on the basis of race when exercising peremptory challenges); *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (holding that a criminal defendant may object to race-based exclusion of jurors through peremptory challenges even though the excluded jurors and the defendant are not of the same race); *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (racial discrimination in civil litigant's exercise of peremptory challenges violates the Equal Protection Clause).

In *United States v. Santiago–Davila,* 26 M.J. 380 (C.M.A.1988) the Court of Military Appeals applied the *Batson* holding to the military justice system. While noting the fundamental difference between civilian juries and court-martial members, it found that the equal protection right to be tried by a group free from racial exclusions was a part of due process under the Fifth Amendment. Therefore, this right applied in the military context with the same force as it did in civilian trials. The Court later held that every peremptory challenge by the Government of a member of the accused's race, upon objection, had to be explained by the trial counsel. *United States v. Moore,* 28 M.J. 366 (C.M.A.1989). And, even where trial counsel provides a race-neutral reason for a peremptory challenge, that challenge should not be allowed when a second impermissible reason is also given. *United States v. Greene,* 36 M.J. 274 (C.M.A.1993).

▓ Today, we are faced with a question of first impression: may the accused in a trial by court-martial exercise his sole peremptory challenge against a member of the court-martial when the gender of the challenged member is a stated reason for the exercise of the challenge? We hold that he may not, and, consequently, that the military judge did not err in disallowing the defense's peremptory challenge against SSgt [H].

▓ As we read the precedents from the Supreme Court and the Court of Military Appeals, we have no doubt that race and gender have no place in the determination of a court-martial member's competence. *J.E.B.; Batson.* Article 25(d)(2), UCMJ, lists the traits the convening authority is to consider in appointing a member (age, education, training, experience, length of service, and judicial temperament). Race and gender are not included. *See also United States v. Smith,* 27 M.J. 242 (C.M.A.1988) (holding that appointment of female court members to attempt to achieve a particular result may violate the Equal Protection Clause). They are also impermissible considerations in the exercise of peremptory challenges. In light of the Supreme Court's holding in *McCollum* that criminal defendants' peremptory challenges constitute state action, and in view of *J.E.B.*'s holding that intentional discrimination on the basis of gender by state actors violates the Equal Protection Clause, we conclude that criminal defendants, including those in the military, may not exercise a peremptory challenge on the basis of gender in whole or in part. Gender is simply not a permissible factor to consider in the exercise of peremptory challenges, and governmental action exists in the discriminatory action of the accused exercising a peremptory challenge basis on gender.

From the record before us, we have concluded that the only reason for the defense challenge was the gender of SSgt [H]. Defense counsel articulated no other rationale. This was a contested rape case, and it appears the defense was trying to secure an all-male panel. Because of the expressed reason by the defense counsel, disallowance of the challenge was appropriate.

## Remaining Issues

We also find the remaining issues without merit. The military judge was not required to make essential findings in his multiplicity ruling because no factual issues were involved. His ruling on the defense counsel's hearsay objection was correct because trial counsel was not offering the statement for the truth of the matter asserted, but to show the effect of the statement on the appellant. Finally, we have concluded that the sentence, which includes an unsuspended bad-conduct discharge, is not inappropriately severe.

## Decision

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge McLAUGHLIN and Judge CLARK concur.