UNITED STATES, Appellee,

v.

Harold MOORE, Specialist Four, U.S. Army, Appellant.

No. 60,385.

CM 8700123.

U.S. Court of Military Appeals.

Aug. 10, 1989.

For Appellant: *Captain Jon W. Stentz* (argued); *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Keith W. Sickendick* (on brief); *Major Eric T. Franzen* and *Captain Scott A. Hancock.*

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, Captain James K. Reed* (on brief); *Captain George R. Gillette.*

*Opinion of the Court*

COX, Judge:

Appellant was convicted, despite his pleas, of a series of offenses, including attempted murder, robbery, assault, wrongful appropriation, and drunk driving, in violation of Articles 80, 122, 128, 121, and 111, Uniform Code of Military Justice, 10 USC §§ 880, 922, 928, 921, and 911, respectively. The issue on appeal concerns use by trial counsel of a peremptory challenge to excuse a panel member of the same race as the accused, who is black.[1]

The convening authority had selected two black officers among the seven on the panel. Both the military judge and trial counsel conducted a general *voir dire* of the entire panel. Defense counsel conducted a *voir dire* of specific panel members. At the *voir dire*, the officer who would later be challenged by the Government, Major Harris, first responded "no" when the military judge asked the court members the following question:

> Will each of you use the same standards in weighing and evaluating the testimony of each witness and not give more or less weight to the testimony of a particular witness solely because of the witness' position or status?

Upon clarification, he changed his answer to "yes." He did not respond affirmatively when asked if he had received legal advice from any of the counsel in the case, but he later stated that he knew trial counsel "on a professional basis."

After trial counsel challenged Major Harris, the defense objected and brought to the attention of the military judge the case of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[2] Trial counsel

offered to state his reasons for the challenge on the record, but the military judge opted to take a recess to study *Batson* and determine its applicability to the "military system." After the recess, the military judge held that *Batson* did not apply to the military and, if it did, the defense had not made out a *prima facie* case of discrimination. Thus, he did not require trial counsel to state his reasons for using the peremptory challenge against Major Harris. Nonetheless, trial counsel then declined the military judge's invitation to state his reasons for the challenge.

A panel of the Court of Military Review initially considered the case and ordered a limited hearing to determine trial counsel's reasons for striking Major Harris. 26 MJ 714 (1987). Thereafter, upon its own motion, the Court of Military Review, sitting *en banc*, ordered trial counsel to produce an affidavit stating his reasons for the challenge. The *en banc* court held that those reasons were sufficient to rebut the suggestion that the challenge was used to discriminate based on race. 26 MJ 692 (1988). We granted review, and we now remand for a hearing on trial counsel's use of the challenge.

*Batson v. Kentucky, supra*, overruled *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), concerning discrimination on the basis of race in the selection of a *petit* jury in a criminal trial. In *United States v. Santiago–Davila*, 26 MJ 380 (CMA 1988), we applied *Batson* to the military. In the event of an objection to the use of a government peremptory challenge against a member of the same race as the accused, *Batson* held that the Constitution requires[3] the trial court to

---

1. This Court granted review of the following issues:

    I

    WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY FAILING TO PROPERLY APPLY THE PRECEPTS OF *BATSON V. KENTUCKY* TO APPELLANT'S CASE.

    II

    WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN ACCEPTING AND CONSIDERING TRIAL COUNSEL'S AFFIDAVIT

PURPORTEDLY EXPLAINING THE REASONS FOR CHALLENGING MAJOR HARRIS.

2. At the time of trial, *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), had been decided, but *United States v. Santiago–Davila*, 26 MJ 380 (CMA 1988), expressly applying *Batson* to the military, had not.

3. The holding in *Batson*, as in *Santiago–Davila*, is grounded on equal protection as applied to the Government through the Fifth Amendment,

inquire into the use of a peremptory challenge. The inquiry described there is in two parts:

1. If the defense makes out a *prima facie* case of discrimination, considering all the facts and circumstances available, then the trial court will require government counsel to give an explanation for the use of the challenge.

2. If the trial court is not convinced that the explanation is racially neutral, the peremptory challenge will be disallowed. 476 U.S. at 96–98, 106 S.Ct. at 1722–24. Having stated the constitutional mandate, the Supreme Court left it to the lower courts to determine the procedure to be used to distinguish between peremptory challenges that are discriminatory and those which are not. 476 U.S. at 99, 106 S.Ct. at 1724.

■ The *en banc* Court of Military Review in this case simplified the inquiry into just one part, adopting a *per se* rule as establishing a *prima facie* case of discrimination. Upon the Government's use of a peremptory challenge against a member of the accused's race and upon timely objection, trial counsel must give his reasons for the challenge. Today, we adopt a *per se* rule for all the services.

We do so in order to simplify this process for members of courts-martial and, more

importantly, to make it fairer for the accused. In military trials, it would be difficult to show a "pattern" of discrimination from the use of one peremptory challenge in each court-martial. As a matter of judicial administration, the *per se* rule has become recognized as the superior procedure for *Batson* challenges. *State v. Jones*, 293 S.C. 54, 358 S.E.2d 701, 703 (1987). *See* Note, *Nature of Peremptory Challenges Altered*, 40 S.C. L.Rev. 41, 43–44 (1988).[4] After today, every peremptory challenge by the Government of a member of the accused's race, upon objection, must be explained by trial counsel.[5]

■ Having ruled that the record must contain an explanation from trial counsel, the Court of Military Review ordered that an explanation be provided by affidavit. Appellant has objected to this procedure. Upon review of the affidavit,[6] we conclude that it does not sufficiently complete the record to determine if trial counsel's explanation meets the standard of *Batson*. Thus, even if we consider the affidavit, we must still remand for a limited proceeding under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967).[7]

At the *DuBay* proceeding, trial counsel will be required to state, as an officer of the court, his reasons for using the per-

---

as opposed to the right to a jury under the Sixth Amendment.

**4.** In any event, the Government has requested the *per se* rule, and appellant benefits from it, not having to bear the burden of proving a *prima facie* case.

**5.** Although the *Batson* prohibition is constitutionally mandated and is retroactive, *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *United States v. Avila*, 27 MJ 62 (CMA 1988), the *per se* rule is not.

**6.** Trial counsel's affidavit reads, in pertinent part, as follows:

I had previous dealings with MAJ Harris on military justice matters, to include one occasion where I believe he was assigned as an Article 32(b) investigating officer. Although that proceeding ultimately was waived, I had more than one discussion with MAJ Harris on procedural matters. In addition, MAJ Harris responded with quizzical looks to several of the standard

questions posed by the military judge during voir dire. Since the case against SP4 Moore involved numerous charges and several complicated issues, the government desired a panel that was least likely to be confused by the complexities of the trial. The challenge was thus exercised against MAJ Harris.

The Court of Military Review found the affidavit to be "a reasonable, racially neutral explanation for the challenge, with no indices of racial motivation." 26 MJ 692, 703 (1988). While we do not find "indices of racial motivation," neither do we find an "explanation." Therefore, the affidavit is insufficient.

**7.** Because of the *per se* rule, post-trial proof of a trial counsel's motives should become obsolete. However, in the event that, as in this case, post-trial proof becomes necessary to decide a *Batson* issue, we do not rule out consideration of a clearly articulated affidavit. *United States v. Crawford*, 15 USCMA 31, 35, 35 CMR 3, 7 (1964) (affidavits used to describe panel-selection process). *See also* cases cited below at n.8.

emptory challenge as he did. "[A]s a general rule," trial counsel "cannot be 'called to the stand by every criminal defendant for cross-examination as to their motives....'" *United States v. Hagen*, 25 MJ 78, 85 (CMA 1987), *cert. denied*, — U.S. —, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988), quoting *United States v. Falk*, 479 F.2d 616, 620 (7th Cir.1973) (en banc). Typically, argument by the defense will be enough to complete the record. In appropriate cases, the military judge may fashion more extensive proceedings in order to make a proper record.[8]

▮ Once the limited proceeding is held, the judge must determine whether trial counsel has articulated a neutral explanation relative to this particular case, giving a clear and reasonably specific explanation of legitimate reasons to challenge this member. *Batson v. Kentucky*, 476 U.S. at 98–99, 106 S.Ct. at 1723–24. Although the reasons stated need not rise to the level justifying a challenge for cause, trial counsel cannot assume or intuit that race makes the member partial to the accused and cannot merely affirm his good faith or deny bad faith in the use of his challenge.

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to a convening authority for further proceedings to determine fully the reasons for trial counsel's use of the peremptory challenge against a member of the same race as appellant. After such proceedings are concluded, the record, along with the judge's findings and conclusions, will be returned directly to this Court.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

**8.** The Supreme Court left the form of the *Batson* proceeding to the discretion of the lower courts. Accordingly, various means have been used to examine peremptory challenges. *See United States v. Garrison*, 849 F.2d 103 (4th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 566, 102 L.Ed.2d 591 (1988) (affidavit, adversary hearing, and argument allowed, but evidentiary hearing denied); *United States v. Cartlidge*, 808 F.2d 1064 (5th Cir.1987) (prosecutor's affidavit used without objection); *United States v. Davis*, 809 F.2d 1194, 1202 (6th Cir.), *cert. denied*, 483 U.S. 1007, 107 S.Ct. 3234, 97 L.Ed.2d 740 (1987) (*ex parte* and *in camera* explanation by prosecutor allowed); *United States v. Tucker*, 836 F.2d 334, 340 (7th Cir.), *cert. denied*, — U.S. —, 109 S.Ct 143, 102 L.Ed.2d 115 (1988) (*ex parte* review of notes acceptable, but adversary proceeding preferred); *United States v. Baker*, 855 F.2d 1353 (8th Cir.1988) (proceeding left to discretion of trial court); *Garrett v. Morris*, 815 F.2d 509 (8th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 233, 98 L.Ed.2d 191 (1987); and *State v. Jackson*, 322 N.C. 251, 368 S.E.2d 838 (1988) (defendant permitted to submit evidence); *People v. Freeman*, 162 Ill.App.3d 1080, 114 Ill.Dec. 285, 516 N.E.2d 440 (1987) (affidavit from counsel used to rebut allegation of government-bought testimony); *People v. Williams*, 177 Ill. App.3d 787, 127 Ill.Dec. 215, 532 N.E.2d 1044 (1988) (prosecutor gave statement and defense not permitted to call excused juror); *People v. Cartagena*, 128 A.D.2d 797, 513 N.Y.S.2d 497 (N.Y.App.1987) (affidavit used). *But see United States v. Alcantar*, 832 F.2d 1175 (9th Cir.1987) (adversary proceeding required); *United States v. Brown*, 817 F.2d 674 (10th Cir.1987) (prosecutor cross-examined).