**UNITED STATES**

v.

**Airman Basic Crystal N. KELLEY,
United States Air Force.**

**ACM S29413.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 24 April 1997.

Decided 28 Dec. 1998.

§§ 886 and 912a. She was sentenced to a bad-conduct discharge and confinement for three months. The convening authority approved the adjudged sentence. The appellant argues the military judge erred during sentencing by admitting, as evidence in aggravation, a letter she had written to a friend. In addition, the appellant contends the military judge erred in ruling that trial counsel articulated a race neutral explanation for a peremptory challenge. We find the military judge abused her discretion in admitting the letter, but that the appellant suffered no prejudice. We find no error in the military judge's decision to sustain the peremptory challenge. As a result, we affirm the findings and sentence in her case.

## I. ADMISSION OF SENTENCING EVIDENCE

After the military judge accepted the appellant's pleas of guilty, the prosecution offered 12 exhibits for admission during its sentencing case. The appellant objected to three of those exhibits. The military judge sustained objections to two exhibits but admitted a letter the appellant had written to a friend shortly after completing a substance abuse rehabilitation program at Sheppard Air Force Base (AFB). In the letter, the appellant expressed unhappiness with her life in graphic terms. In a rambling fashion, she wrote about her anger, frustration, desire to harm herself, and wish to temporarily relieve her stress by getting "drunk or high." However, to her credit, she acknowledged this would "not get rid of my problems." Trial defense counsel's specific objections to the exhibit were based upon Mil.R.Evid. 402 and 403. However, she did mention the exhibit did not go to the facts and circumstances of the case. In response, trial counsel argued the exhibit was relevant because it went to the appellant's "mental attitude toward the crimes she's committed." The military judge ruled the letter was proper aggravating evidence and conducted a balancing test under Mil.R.Evid. 403 before admitting the exhibit. The appellant, in her unsworn statement to the court members, explained why she wrote the letter and indicated how her outlook on life had changed. Both trial and defense

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt and Major Robin S. Wink.

Appellate Counsel for the United States: Colonel Brenda J. Hollis, Lieutenant Colonel Anthony P. Dattilo, and Lieutenant Colonel Michael J. Breslin.

Before YOUNG, Senior Judge, SPISAK and SCHLEGEL, Appellate Military Judges.

## OPINION OF THE COURT

SCHLEGEL, Judge:

At a special court-martial with enlisted members, the appellant was convicted, in accordance with her pleas, of absence without leave and wrongful use of marijuana and opium compounds or derivatives in violation of Articles 86 and 112a, UCMJ, 10 U.S.C.

counsel referred to the letter in closing statements.

■ Decisions by a military judge on the admissibility of evidence are reviewed for a clear abuse of discretion. *United States v. Zakaria*, 38 M.J. 280, 283 (1993). An abuse of discretion is action that is arbitrary, clearly unreasonable or clearly erroneous. *United States v. Travers*, 25 M.J. 61 (1987). If error is found, this court tests for prejudice. Article 59(a), 10 U.S.C. § 859(a); Mil.R.Evid. 103.

■ The admission of sentencing evidence is governed by Rule for Courts–Martial (R.C.M.) 1001 which states that "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." The evidence must still be relevant in relation to the stated purpose of R.C.M. 1001(b)(4). *United States v. Wingart*, 27 M.J. 128, 135 (1988). To be relevant, the evidence must tend "to prove or disprove the existence of a fact or facts permitted by the sentencing rules." *Zakaria*, 38 M.J. at 282 (quoting *United States v. Martin*, 20 M.J. 227, 230 n. 5 (1985)).

■ The government argues the exhibit was admissible as evidence of the appellant's motive to wrongfully use marijuana and opium compounds or derivatives. However, there was no showing her motivation for actually using these substances between 6 November 1996 and 2 January 1997 had anything to do with a letter she wrote on 28 March 1997. The government's argument that the exhibit would have been admissible in rebuttal places the cart before the horse since it requires us to speculate as to what the defense would have presented if the letter had not been admitted by the military judge. We find no reason to engage in that type of speculation based upon the facts of this case.

We find this exhibit contains no relevant information permitted by R.C.M. 1001(b)(4). The appellant's letter had nothing to do with her offenses in this case and everything to do with the stress she was experiencing and the uncertainty she was facing. Her negative outlook on life was not an aggravating factor

for the offenses. The military judge abused her discretion in admitting this exhibit.

■ We must now test for prejudice. *United States v. Hysong*, 47 M.J. 126 (1997). The appellant's letter expresses anger and frustration with herself and her situation. It contains some crude terminology but nothing that would shock or inflame a reader. Anyone who reads the letter would recognize it as an immature woman's method for getting attention from someone with whom she very much wanted to talk. Furthermore, the sentencing evidence against the appellant was very strong. The appellant used marijuana more than 20 times over a two month period in 1996. She also snorted muscle relaxers, pain killers, and other pills, including Tylenol with codeine, on divers occasions during this same period. In addition, she was AWOL shortly before trial. The appellant received an Article 15 in February 1997 for a variety of offenses including failure to go and dereliction of duty. The prosecution's sentencing case also included a number of letters of reprimand for minor offenses. We are convinced that, absent the error, the court members would have adjudged the same sentence. Therefore, any error resulting from its admission is harmless.

## II. PEREMPTORY CHALLENGE OF MASTER SERGEANT GAMBLES

The appellant elected to have her sentence decided by a panel with officer and enlisted members. After preliminary questioning, defense counsel requested individual *voir dire* of all court members. During this individual questioning, Major Hill, Master Sergeant (MSgt) Fernandez, MSgt Rodriquez, MSgt Gambles, and MSgt Durland all testified they knew individuals who used marijuana. Major Hill said friends in high school and college used marijuana but did not indicate the use occurred in his presence. MSgt Fernandez testified people in his high school and neighborhood used marijuana but whenever they did, he left. MSgt Rodriquez said his "best man" used marijuana in 1977. No facts were developed to determine if the marijuana was used in MSgt Rodriquez's presence. MSgt Gambles testified between the 10th and 12th grades he would go to a

park with friends and "some kid would show up with some marijuana and they would smoke there." MSgt Durland testified he knew his brother-in-law smoked marijuana but it was not done in his presence.

After *voir dire*, both sides elected to use their peremptory challenge to strike enlisted members. Trial counsel exercised the prosecution's peremptory challenge against MSgt Gambles, the sole African–American member, while the appellant challenged MSgt Fernandez, a Hispanic member. The appellant is African–American. Significantly, neither counsel objected to the other's peremptory challenge. It may very well have been that both counsel, having worked with each other at Dyess AFB on a wide variety of judicial and nonjudicial matters, knew the other was not using the peremptory challenge to engage in purposeful discrimination. This is extremely likely in the Air Force system where base level prosecutors and area defense counsel spend months or years as opposing advocates on a daily basis. However, the military judge intervened and asked for a race neutral explanation for the challenges. We note that the Supreme Court and military court precedents require an objection by counsel to trigger the explanation threshold.

In response, trial counsel indicated his basis for the challenge was MSgt Gambles' contact with marijuana users while in high school and his demeanor in the courtroom during *voir dire*. The first explanation trial counsel offered for the challenge was the dichotomy between MSgt Gambles' testimony about his association with friends who used marijuana vis-à-vis the other court members with friends who used marijuana. "[I]n my judgment, it seems most likely, based on the descriptions given, that Master Sergeant Gambles may have had the most frequent contact with marijuana—of course, I would not say that there is a likelihood that he participated in it, but it seemed like, in my judgment, he might have been involved. . . ." The second reason offered by trial counsel involved MSgt Gambles' demeanor and was based upon trial counsel's personal observation of MSgt Gambles in comparison to the other court members. The military judge

found trial counsel's explanation about MSgt Gambles' contact with marijuana users was race neutral although it did not support a challenge for cause. She did not comment on the explanation about demeanor.

██ We will affirm a military judge's findings of fact regarding a race neutral basis for a peremptory challenge unless they are clearly erroneous. *United States v. Greene*, 36 M.J. 274, 281 (1993) (citing *Hernandez v. New York*, 500 U.S. 352, 364–65, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). Clearly erroneous is interpreted to allow reversal of findings, even those supported by substantial evidence, if the record as a whole leaves the court with a definite and firm conviction that a mistake was made below. Steven Allen Childress & Martha S. Davis, 2 *Federal Standards of Review* § 10.04 (2d ed.1992).

The appellant's argument in this case is based upon the Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Batson*, the Court ruled the use of a race-based peremptory challenge in a criminal trial violated the Equal Protection Clause of the Fourteenth Amendment. The Court announced that once a defendant meets his burden of establishing a *prima facie* case of purposeful discrimination, the prosecution must provide a race neutral explanation for exercising a peremptory challenge. "[T]he prosecutor may not rebut the defendant's *prima facie* case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption or his intuitive judgment that they would be partial to the defendant because of their shared race." *Id.* at 97, 106 S.Ct. 1712. "Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive or 'affirm[ing] [his] good faith in making individual selections.'" *Id.* at 98, 106 S.Ct. 1712 (quoting *Alexander v. Louisiana*, 405 U.S. 625, 632, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972)). If a race neutral explanation is tendered, the judge must then decide whether the opponent of the strike has proved purposeful racial discrimination. "[W]e emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for

cause." *Batson,* 476 U.S. at 97, 106 S.Ct. 1712.

■ In *United States v. Santiago–Davila,* 26 M.J. 380, 390 (1988), the United States Court of Military Appeals (now the United States Court of Appeals for the Armed Forces) applied the holding in *Batson* to courts-martial as "part of due process under the Fifth Amendment." In 1989, an accused's burden in establishing purposeful discrimination during a court-martial was eased by the adoption of a rule which provides that a *prima facie* case of purposeful discrimination is established if the government exercises its peremptory challenge against a member of the accused's race and *the accused objects. United States v. Moore,* 28 M.J. 366 (1989) (emphasis added).

In 1995, the Supreme Court further defined the race neutral explanation requirement in *Batson* by holding, "A neutral explanation ... means an explanation based on something other than the race of the juror. At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation." *Hernandez,* 500 U.S. at 360, 111 S.Ct. 1859. In *Purkett v. Elem,* 514 U.S. 765, 769, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (*per curiam* ), the Supreme Court held "a legitimate [race neutral] reason is not a reason that makes sense, but a reason that does not deny equal protection." However, in *United States v. Tulloch,* 47 M.J. 283, 287 (1997), the United States Court of Appeals for the Armed Forces declined to apply the holding in *Purkett* and announced that "trial counsel may not strike ... on the basis of a proffered reason, under *Batson* and *Moore* that is unreasonable, implausible, or that otherwise makes no sense."

■ Appellant contends trial counsel's explanations for the use of his peremptory challenge against MSgt Gambles are insufficient. He argues the explanation about MSgt Gambles' contact with marijuana users is a distinction without a difference in view of the testimony of the other court members who knew someone who used marijuana. As a result, the appellant argues the military judge was clearly erroneous in finding this explanation to be race neutral. First, we find this explanation by trial counsel is not

overtly racial. *Batson,* 476 U.S. at 97, 106 S.Ct. 1712. Second, we find this race neutral explanation is not unreasonable, implausible, or nonsensical. *Tulloch,* 47 M.J. at 287. This leaves us with an examination of whether or not the explanation in this case is a "clear and reasonably specific explanation of legitimate reasons" that is race neutral. *Id.* at 286. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Hernandez,* 500 U.S. at 360, 111 S.Ct. 1859. The military judge's findings on this matter are entitled to great deference because she was able to assess trial counsel's demeanor.

"In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within a trial judge's province.' "

*Id.* at 365, 111 S.Ct. 1859 (quoting *Wainwright v. Witt,* 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841, (1985); *Patton v. Yount,* 467 U.S. 1025, 1038, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984)).

■ Our review of the record leads us to conclude that trial counsel's explanation is specific and reasonable, and no discriminatory intent is apparent. Trial counsel's explanation resonates most closely to a challenge for cause based upon his intuition that MSgt Gambles might be partial to or tolerant of the marijuana offenses committed by the appellant due to MSgt Gambles' exposure to friends who used marijuana in his presence. A tolerance toward or "aversion" to a particular offense does not result in an automatic disqualification of a court member. *United States v. Bannwarth,* 36 M.J. 265, 268 (C.M.A.1993) (citing *United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987); *United States v. Cosgrove,* 1 M.J. 199, 200 (C.M.A.1975)). The prosecution and the defense are entitled to an impartial jury. *Reynolds,* 23 M.J. at 294. The record dem-

onstrates the military judge used this same analysis in sustaining the defense counsel's peremptory challenge against MSgt Fernandez, a Hispanic court member. Defense counsel's initial basis for challenging MSgt Fernandez was his "demeanor" and the "way he addressed" the appellant. In discussing MSgt Fernandez's reaction to drugs in school, defense counsel said he "seemed to have a specific disdain towards even the mention of the subject." In ruling on the challenge, the military judge specifically said she did not observe any behavior by MSgt Fernandez that would support defense counsel's demeanor argument but did find her explanation concerning disdain to be sufficient although it did not rise to the level of a challenge for cause.

Because the military judge did not comment in her findings on the second race neutral explanation offered by trial counsel concerning MSgt Gambles' demeanor, we do not base our ruling on that explanation. However, we believe a court member's "behavior" during *voir dire* may constitute a valid race neutral explanation. *Tulloch*, 47 M.J. at 288. Military judges must enter specific findings on a court member's demeanor when raised as a basis for a peremptory challenge requiring a race or gender neutral explanation. Although in military practice an accused is relieved of the traditional burden in establishing purposeful discrimination, in deciding whether the prosecution has provided a race neutral explanation, a military judge should consider "all relevant circumstances." *Batson*, 476 U.S. at 96–7, 106 S.Ct. 1712. *See also Hernandez*, 500 U.S. at 363–4, 111 S.Ct. 1859. This could include a variety of facts, including a pattern of challenges by an individual counsel that either supports or refutes a finding of purposeful discrimination. "Absent intentional discrimination violative of the Equal Protection Clause, parties should be free to exercise their peremptory strikes for any reason, or no reason at all. The peremptory challenge is, 'as *Blackstone* says, an arbitrary and capricious right; and it must be exercised with full freedom, or it fails of its full purpose.'" *Hernandez*, 500 U.S. at 374, 111 S.Ct. 1859 (O'Conner, J. concurring) (citations omitted).

## III. CONCLUSION

The findings and sentence are correct in law and fact, and we find no errors prejudicial to the appellant's substantial rights. Accordingly, the findings and sentence are

AFFIRMED.

Senior Judge YOUNG and Judge SPISAK concur.