**UNITED STATES, Appellee,**

v.

**Eddie L. CHANEY, Senior Airman, U.S. Air Force, Appellant.**

No. 00–0109.
Crim.App. No. S29638.

U.S. Court of Appeals for the Armed Forces.

Argued * July 10, 2000.

Decided Aug. 25, 2000.

---

* We heard oral argument in the case in the Great Hall of the Association of the Bar of the City of New York, without objection from the parties involved. *See* 52 MJ at 23 n. *.

EFFRON, J., delivered the opinion of the Court, in which GIERKE, J., and EVERETT, S.J., joined. CRAWFORD, C.J., and SULLIVAN, J., each filed an opinion concurring in the result.

For Appellant: *Major Thomas R. Uiselt* (argued); *Colonel Jeanne M. Rueth* and *Lieutenant Colonel James R. Wise* (on brief).

For Appellee: *Captain James C. Fraser* (argued); *Colonel Anthony P. Dattilo* and *Lieutenant Colonel Ronald A. Rodgers* (on brief).

Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of officer members convicted appellant, pursuant to his pleas, of wrongfully using on divers occasions amphetamine, "3, 4–methylenedioxy methamphetamine" (ecstasy), or both, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 2 months, forfeiture of $617 pay per month for 2 months, and reduction to E–1. The convening authority approved the sentence as adjudged, and the Court of Criminal Appeals affirmed. 51 MJ 536 (1999).

On appellant's petition, we granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY GRANTING TRIAL COUNSEL'S PEREMPTORY CHALLENGE OF CAPTAIN MOORE, THE ONLY FEMALE MEMBER OF THE COURT–MARTIAL PANEL, WHEN TRIAL COUNSEL'S OFFERED NON–GENDER SPECIFIC BASIS FOR CHALLENGING HER WAS THAT SHE IS A NURSE.

We affirm for the reasons set forth below.

## I. FACTS

After voir dire, the trial counsel exercised his peremptory challenge against Captain (Capt) Cherielynne Moore, the only female member of the panel. Defense counsel objected, citing *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 146, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The military judge then asked trial counsel to articulate his basis for challenging Capt Moore, which immediately led to the following colloquy:

TC: My reason is her profession, not her gender.

MJ: What is her profession?

TC: She's a nurse with the medical group, sir.

MJ: I find that that's a non-gender specific reason. So, the peremptory is granted. Peremptory by the defense?

DC: Yes, Your Honor. And maybe for purposes of the record, maybe it needs to be stated that I'm still concerned that that's a pretext. But that's for the record purposes only.

MJ: I happen to know that—and I'm not agreeing with him—but trial counsels—not these particular trial counsels—as a whole tend to exercise peremptories against med group folks. But it's specifically nurses, not male or female.

The defense did not object to the comments of the military judge and did not seek any further clarification from the trial counsel. Defense counsel offered no evidence as to the proportion of female nurses within the command or within the Air Force as a whole. We also note that although the nursing field in the military has long been open to women, it is well known that there is substantial participation in the military by male military nurses.

## II. DISCUSSION

■ Neither the prosecutor nor the defense may engage in purposeful discrimination on the basis of race or gender in the exercise of a peremptory challenge. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *J.E.B., supra; United States v. Moore,* 28 MJ 366 (CMA 1989); *United States v. Witham,* 47 MJ 297 (1997). There is a specific procedure in the

military justice system for examining allegations of purposeful discrimination in the exercise of peremptory challenges, as noted by the court below. 51 MJ at 538.

 If one party believes that the other party has exercised a peremptory challenge against a member of a cognizable group (*i.e.,* based on race or gender), the party opposing the challenge must object and state the basis of the objection. *See Moore, supra* at 368. The party making the challenge is then required to offer a reason for the challenge that is neutral in terms of race or gender, as applicable. *Id.* The military judge must "review the record and weigh ... the credibility [of the counsel making the peremptory challenge] before ... [the judge] makes a factual determination regarding the presence or absence of purposeful discrimination in the panel member's rejection." *United States v. Greene,* 36 MJ 274, 281 (CMA 1993). The peremptory challenge will be sustained unless the proffered reason is "unreasonable, implausible, or ... otherwise makes no sense." *United States v. Tulloch,* 47 MJ 283, 287 (1997). On appeal, the military judge's determination on the issue of purposeful discrimination is given great deference because it is based primarily upon the judge's personal evaluation of the credibility of the counsel making the peremptory challenge. The military judge's determination of purposeful discrimination will be overturned only if it is clearly erroneous. *United States v. Greene,* 36 MJ 274, 281 (CMA 1993).

 The occupation of the challenged member may or may not provide an acceptable race or gender neutral reason for a peremptory challenge, depending on the facts of the case. In *J.E.B.,* the Supreme Court held that occupation could provide a sufficient basis for a peremptory challenge if the proffered reason is not used as pretext for an improper race or gender based challenge. 511 U.S. at 143, 114 S.Ct. 1419. Absent a showing of such pretext, the Supreme Court suggested that occupation-based peremptory challenges could be appropriate, even in fields that are predominantly associated with one gender, such as nursing or military service. 511 U.S. at 143 n. 16, 114

S.Ct. 1419. Applying these considerations, the military judge must determine whether the counsel's occupation-based rationale for the peremptory challenge is a pretext by considering whether the proffer is unreasonable, implausible, or makes no sense. *See Tulloch, supra* at 287. As noted by the court below, the military judge, in making that determination, should take into consideration the party making the challenge, the facts of the case, and the particular occupation of the challenged court member. 51 MJ at 539.

 In the present case, trial counsel told the military judge that his peremptory challenge of Capt Moore was based on her occupation as a nurse in the medical group, not on her gender. The military judge accepted trial counsel's explanation as a gender-neutral reason. When defense counsel objected that the stated reason was pretextual, the military judge noted that, in his experience, it was typical for trial counsel to exercise peremptory challenges against members of the medical group.

Appellant now asserts that the military judge erred because he did not require further articulation by the trial counsel before the military judge ruled that trial counsel provided a gender-neutral reason. Although it would have been preferable if the military judge had required a more detailed articulation by the trial counsel on the record, we note that the defense counsel did not ask for any further clarification from trial counsel and did not object to the military judge's findings. More importantly, it is clear from the record that the military judge granted the peremptory challenge based upon his general understanding that trial counsel commonly prefer to not have medical personnel serve as members, regardless of their gender. In affirming the military judge's ruling, the lower court further explained, "Rightly or wrongly, prosecutors tend to believe that those who have dedicated their lives to comforting and caring for the sick and infirm may focus too strongly on the accused as an individual in need of care and comfort." *Id.* at 539–40.

We agree with the lower court that under the circumstances of this case, no further

articulation was necessary to support trial counsel's peremptory challenge. This does not mean that all occupation-based peremptory challenges will pass judicial scrutiny without further articulation. Where mere reference to an occupation does not implicitly communicate an understanding similar to the common understanding regarding the use of peremptory challenges against members of the medical profession, further articulation may be required.

In this case, appellant has failed to demonstrate that trial counsel's occupation-based reason was unreasonable, implausible, or otherwise made no sense. We agree with the lower court that that military judge did not err in permitting the peremptory challenge of Capt Moore.

### III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

CRAWFORD, Chief Judge (concurring in the result):

In *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), the Supreme Court held that litigants can offer any "facially valid" reason for a peremptory challenge, so long as the trial judge finds it to be genuine. A litigant's explanation for a peremptory challenge does not have to be "persuasive, or even plausible," for it to be considered legitimate. *Id.* A legitimate reason, according to the *Purkett* Court, is not one "that makes sense, but a reason that does not deny equal protection." *Id.* at 769, 115 S.Ct. 1769.

This Court's standard for examining peremptory challenges, announced in *United States v. Tulloch*, 47 MJ 283 (1997), and perpetuated today (peremptory challenge will be sustained "unless the proffered reason is 'unreasonable, implausible, or ... otherwise makes no sense'") 53 MJ at 385, ignores our superior court's teaching in *Purkett*. The

focus should be on the genuineness of the asserted non-racial/non-gender motive, not the reasonableness of the trial advocate's explanation. I have dissented from the majority's justification for its deviation from the Supreme Court standard relating to peremptory challenges for courts-martial because I am unable to discern a valid reason to do so. 47 MJ at 289–96.

Under either *Purkett* or the more restrictive standard announced in *Tulloch*, appellant has failed to demonstrate that trial counsel's challenge of Capt Moore was other than occupation-based. Accordingly, I too would affirm the decision of the United States Air Force Court of Criminal Appeals.

SULLIVAN, Judge (concurring in the result):

I continue to adhere to my position in *United States v. Tulloch*, 47 MJ 283, 289 (1997)(Sullivan, J., dissenting), that we should follow *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

I also write separately to reiterate my previous suggestion that the military justice system should eliminate the peremptory challenge. *See United States v. Witham*, 47 MJ 297, 303 n.3 (1997); *United States v. Tulloch*, 47 MJ 283, 289 (1997)(Sullivan, J., dissenting); Sullivan and Amar, *Jury Reform in America—A Return to the Old Country*, 33 Am. Crim. L. Rev. 1141 (1996); *cf. Batson v. Kentucky*, 476 U.S. 79, 107, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (Marshall, J., concurring). The peremptory challenge in the military, as it stands in the current of present Supreme Court and our Court's case law, may have outlived its usefulness and benefit. Congress and the President should relook this long established right to strike off a jury, a juror without a judicially sanctioned cause. Real and perceived racial and gender abuses lie beneath the surface of the sea of peremptory challenges.