UNITED STATES

v.

Senior Airman Bernard D. BURT,
United States Air Force.

ACM 33429.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 May 1998.

Decided 18 Jan. 2001.

Appellate Counsel for Appellant: Colonel Theodore J. Fink, Colonel Douglas H. Kohrt, and Major Thomas R. Uiselt.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Tony R. Roberts.

Before SCHLEGEL, STARR, and ROBERTS, Appellate Military Judges.

## OPINION OF THE COURT

STARR, Judge:

A general court-martial consisting of officer and enlisted members convicted the appellant, contrary to his pleas, of failing to obey a lawful order to report for random urinalysis testing, wrongfully using marijuana, assault consummated by a battery, adultery, and failing to obey a no-contact order. His approved sentence includes a bad-conduct discharge, confinement for 2 years, and reduction to E-1. The appellant claims the military judge erred in sustaining a government peremptory challenge and that the evidence is legally and factually insufficient to support his adultery conviction. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), he also alleges his trial defense counsel was deficient during the sentencing proceeding. He asks us to set aside the findings and sentence. Only his first claim warrants extended discussion. We find no prejudicial error and affirm the findings and sentence. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

## THE PEREMPTORY CHALLENGE

The appellant claims the military judge erred by relying upon the trial counsel's "good faith" in sustaining a government peremptory challenge against an African-American female court member. According to the appellant, the trial counsel's stated rationale was insufficient, and the military judge should have denied the challenge.

## FACTS

The appellant, who is African-American, requested enlisted and minority membership on his court-martial, resulting in the selection of a chief master sergeant, two senior master sergeants, a master sergeant, and a staff sergeant. One of the senior master sergeants and the staff sergeant were African-American. The trial counsel exercised his peremptory challenge against the staff sergeant. The defense counsel asked for a race-neutral explanation for the challenge, and the trial counsel answered that she was the junior member. The military judge asked for more specificity, and the trial counsel explained that in addition to being the junior member, she was the only enlisted member without first sergeant experience and that she had no court-martial experience. The defense counsel opposed the challenge, maintaining that the trial counsel had not provided a sufficient race neutral rationale.

The military judge, after considering argument by both sides, sustained the challenge. The judge stated that during his 15 months in the circuit he had observed the trial counsel in court on a weekly basis and had never seen him act in any way that would reflect racial bias. The judge further observed that he had no reason to believe the trial counsel was motivated by race in making the challenge. He found the trial counsel's rationale to be race-neutral and sufficient under *United States v. Tulloch*, 47 M.J. 283 (1997). The military judge later sustained a government challenge for cause against the African-American senior master sergeant, also over defense objection, based upon his personal knowledge of the appellant. We cannot tell from the record whether any African-American court members remained following this challenge.

## ANALYSIS

When the defense objects to a government peremptory challenge against a cognizable racial group of which the accused is a member, the trial counsel must articulate a reason for the challenge that is race-neutral. *United States v. Moore*, 28 M.J. 366, 368

(C.M.A.1989). The military judge must review the record and weigh the trial counsel's credibility. The judge must then make a factual finding regarding the presence or absence of purposeful discrimination in the peremptory challenge. *United States v. Greene,* 36 M.J. 274, 281 (C.M.A.1993). If the rationale is facially race-neutral, the judge must determine whether the trial counsel's rationale is merely a pretext by considering whether the proffer is unreasonable, implausible, or nonsensical. If it is none of these, the judge will sustain the challenge. *Tulloch,* 47 M.J. at 287. While the burden of *articulating* a race-neutral rationale shifts to the government upon defense objection, the burden of *establishing* purposeful discrimination rests with the defense. *United States v. Clemente,* 46 M.J. 715, 719 (A.F.Ct.Crim. App.1997), *aff'd,* 50 M.J. 36 (1999).

■ We review the military judge's factual determination for an abuse of discretion, which in this context involves the clearly erroneous standard. *Id.* We give the judge's determination great deference because it is based primarily upon his personal evaluation of the trial counsel's credibility. *United States v. Chaney,* 53 M.J. 383, 385 (2000). We will not disturb it unless we find it clearly erroneous. *United States v. Curtis,* 33 M.J. 101, 105 (C.M.A.1991); *United States v. Kelley,* 50 M.J. 501, 504 (A.F.Ct.Crim.App. 1998), *pet. denied,* 52 M.J. 370 (1999).

■ Applying this standard, we hold the military judge did not err by reciting his observations of the trial counsel's previous courtroom conduct. By doing so, he was not relying upon the trial counsel's "good faith." The judge was merely articulating the credibility assessment he was required to perform. *Chaney,* 53 M.J. at 385; *Kelley,* 50 M.J. at 506 (advising the military judge to consider "all relevant circumstances" in making the credibility assessment, which may include a "pattern of challenges" by an individual counsel). Although the judge did not, at the time of his ruling, have the benefit of *Chaney* and *Kelley,* his procedure is exactly what these later cases require of the trial judge.

■ The judge was also well within his range of discretion in finding the trial counsel's rationale not a pretext for race-based discrimination. Military trial lawyers, like their civilian counterparts, apply reality-based, time-tested criteria in the use of peremptory challenges. *See United States v. Gray,* 51 M.J. 1, 34 (1999) (discussing the existence of "well recognized" race-neutral bases for peremptory challenges); *United States v. Chaney,* 51 M.J. 536, 539 (A.F.Ct. Crim.App.1999), *aff'd,* 53 M.J. 383 (2000) (recognizing that prosecutors, as a group, tend to peremptorily challenge medical personnel). It has long been common practice for trial counsel to exercise peremptory challenges against more junior, less-experienced court members and for defense counsel to remove more senior, experienced members. *See Curtis,* 33 M.J. at 105; *United States v. Cooper,* 30 M.J. 201, 202 (C.M.A.1990). The military judge did not abuse his discretion in finding that the trial counsel's rationale was not unreasonable, implausible, or nonsensical. *Tulloch,* 47 M.J. at 287. We therefore reject this claim of error.

## REMAINING ISSUES

We have reviewed the appellant's other claims and find them to be without merit. The evidence is legally and factually sufficient to support his adultery conviction. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987); *United States v. Jackson,* 54 M.J. 527, 532 (N.M.Ct. Crim.App.2000) (collection of cases on "discreet and secret" adultery in relation to the offense's third element). Finally, the appellant's defense counsel did not render ineffective assistance during the sentencing phase of trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A. 1987); *United States v. Sanders,* 37 M.J. 116 (C.M.A.1993) (appellate court will not second-guess reasonable, albeit unsuccessful, tactical decisions by the trial defense counsel); *United States v. Mann,* 50 M.J. 689, 703 (A.F.Ct. Crim.App.1999), *pet. denied,* 52 M.J. 481 (1999). We therefore reject these claims of error.

The findings and sentence are correct in law and fact, and no error prejudicial to the appellant's substantial rights occurred. Accordingly, the findings and the sentence are

AFFIRMED.