UNITED STATES

v.

Airman Timothy S. BAKER, United States Air Force.

ACM S29873.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 23 Aug. 2000.

Decided 26 Feb. 2001.

Appellate Counsel for Appellant: Colonel James R. Wise, Lieutenant Colonel Timothy W. Murphy, and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Lance B. Sigmon, and Major Jennifer R. Rider.

*En Banc* YOUNG, SPISAK, SCHLEGEL, STARR, BURD, HEAD, ROBERTS, PECINOVSKY, and BRESLIN, Appellate Military Judges.

## OPINION OF THE COURT

BURD, Judge:

On 23 August 2000, the appellant was tried by special court-martial composed of a military judge sitting alone at Seymour Johnson Air Force Base (AFB), North Carolina. Consistent with his pleas, he was found guilty of seven offenses: conspiracy to steal firearms of a value of more than $100.00 and conspiracy to falsely make a United States Armed Forces Identification Card, in violation of Article 81, UCMJ, 10 U.S.C. § 881; absence without leave, in violation of Article 86, UCMJ, 10 U.S.C. § 886; larceny of two firearms of a value of more than $100.00, in violation of Article 121, UCMJ, 10 U.S.C. § 921; violating 18 U.S.C. § 922(i) by unlawfully transporting two stolen firearms in interstate commerce, violating 18 U.S.C. § 922(j) by unlawfully selling two stolen firearms which had been transported in interstate commerce, and communicating a threat to kill or hurt another airman, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 4 months, and reduction to E–1.

The appellant raises two issues on appeal. Both issues pertain to the post-trial processing of his case. While we find error, the

error is harmless and we affirm. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

## I. Validity of the Convening Authority's Action

 The appellant claims there is no indication in the record of trial that the convening authority received and considered the appellant's clemency matters prior to taking action. At the time the appellant filed his assignment of errors, he was correct on this issue.

One-year prior to the appellant's court-martial, we made the following statement in a published decision that, unfortunately, is directly on point on this issue:

> This is yet another case in which defective post-trial processing has resulted in a substantial waste of appellate resources. Post-trial processing of courts-martial has been a matter of some interest to this Court and the Court of Appeals for the Armed Forces for at least 10 years now. *United States v. Craig,* 28 M.J. 321 (C.M.A.1989). Since then, we have written numerous opinions discussing the issue and explaining how best to comply with the dictates of the Rules for Courts Martial and decisions of our superior court. *See, e.g., United States v. Godreau,* 31 M.J. 809 (A.F.C.M.R.1990) *(en banc); United States v. Foy,* 30 M.J. 664 (A.F.C.M.R.1990) *(en banc).* The Judge Advocate General's Military Justice Division has sent out how-to guides, and it is rigorously briefed at the course for new staff judge advocates (SJA). Nevertheless, this SJA did not follow that guidance.

*United States v. Chaney,* 51 M.J. 536, 540 (A.F.Ct.Crim.App.1999).

The post-trial processing story line of this case is right out of *Chaney.* After authentication of the record of trial, Lieutenant Colonel (Lt Col) Richard W. Gates, the SJA, prepared his recommendation (SJAR) to the convening authority, and it was served on the appellant. In his response, the appellant made a lengthy plea for reduction in his sentence by not approving the bad-conduct discharge. It appears that Lt Col Gates did not prepare an addendum to the SJAR and the convening authority did not initial the documents submitted by the defense. As a result, there was no evidence accompanying the record of trial to show that the convening authority had considered the appellant's clemency submissions. *See Chaney.*

When counsel for the appellee saw the facial validity of the appellant's assigned error, they apparently investigated the matter and ultimately obtained affidavits from the SJA and convening authority. The appellee then submitted those affidavits to us through a proper motion to submit documents that was not opposed by the appellant. After examining the affidavits submitted by Lt Col Gates and his convening authority, we are convinced that the convening authority did consider all clemency matters submitted by the appellant. From this effort, we are able to conclude that the SJA's errors did not prejudice the appellant's substantial rights. Art. 59(a), UCMJ.

Quoting again from *Chaney:*

> Because we ultimately found no prejudice, some may ask, "So, what's the big deal?" The big deal is that the SJA's failure to properly process the case forced appellate defense counsel to research and write a brief raising the issue to this Court; the appellate government counsel had to research the issue, seek affidavits from the SJA and the convening authority, and prepare a brief [and motion to submit documents]; and we had to expend judicial resources considering the issue[s]. More importantly, this appellant has been left wondering whether the convening authority ever reviewed his submissions before taking action. All of this because the SJA failed to follow well-established and well-publicized procedures. As Chief Judge Cox noted, convening authorities would not accept this type of shoddy staff work from any other officer on his staff, and he should not be expected to accept it from his SJA. *See United States v. Lee,* 50 M.J. 296, 298 (1999). *See also United States v. Coffman,* 50 M.J. 52, 53 (1998) (mem.) (Crawford, J., dissenting) (suggesting The Judge Advocate General [(TJAG)] track post-trial errors and note who was serving as SJA when the errors occurred).

*Chaney,* 51 M.J. at 540. We had hoped that *Chaney* would have sufficiently raised the consciousness of SJAs to preclude the recurrence of the type of easily avoidable dereliction that occurred in this case. Because it has not, we intend to forward information copies of our decisions in such egregious cases to TJAG for appropriate action. *Coffman,* 50 M.J. at 53 (Crawford, J., dissenting).

## II. Errors in the Court Martial Order

 The appellant also correctly identifies an error in the court-martial order (CMO). Specifically, the CMO fails to accurately reflect the findings of the military judge to Specification 2 of Charge III. We also note that the distribution list at the end of the CMO erroneously fails to include the military judge. See Air Force Instruction (AFI) 51–201, *Administration of Military Justice,* ¶ 10.1.9 (3 Oct. 1997). Such errors in a CMO are administrative and harmless. Art. 59(a), UCMJ. Therefore, the record of trial need not be returned to us after correction of the CMO.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.