CRAWFORD, Chief Judge
(concurring in the result):
I concur in the result. This ease is fact specific, thus it is not inconsistent with our prior case law and federal practice, which provide that “in the event ... post-trial proof becomes necessary to decide a Batson [v. Kentucky[1]] issue, we [should] not rule out consideration of a clearly articulated affidavit.”[2] Where there is no challenge to the reason given or to the party’s credibility, an affidavit,[3] sidebar conference,[4] or in camera procedure may be sufficient[5] without ordering a hearing pursuant to United States v. DuBay.[6]

. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. United States v. Moore, 28 M.J. 366, 368 n. 7 (C.M.A.1989).

. United States v. Davis, 809 F.2d 1194, 1202 (6th Cir.1987); see also United States v. Cox, 23 M.J. 808, 811 (N.M.Ct.Crim.App.1986)(prosecutor’s post-trial affidavit met government’s burden under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)).

. United States v. Romero-Reyna, 867 F.2d 834 (5th Cir.1989).

. See, e.g., United States v. Tindle, 860 F.2d 125 (4th Cir.1988).

. 17 C.M.A. 147, 37 C.M.R. 411 (1967).