UNITED STATES

v.

Airman First Class Galen R. JACKSON,
United States Air Force.

ACM 33565.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 28 Oct. 1998.

Decided 1 Dec. 1999.

Appellate Counsel for Appellant: Colonel Theodore J. Fink and Captain Karen L. Hecker.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Captain Melissa A. Burke.

Before YOUNG, Senior Judge, SPISAK, Senior Judge, and WILCOX, Appellate Military Judge.

OPINION OF THE COURT

WILCOX, Judge:

Contrary to his pleas, court members found the appellant guilty of conspiracy to possess Percocet with intent to distribute in violation of Article 81, UCMJ, 10 U.S.C. § 881. He was sentenced to a bad-conduct discharge, confinement for 5 months, forfei-

ture of $700.00 pay per month for 5 months, and reduction to airman basic. The appellant contends that the military judge improperly sustained the government's peremptory challenge against the lone female court member. We find error and reverse.

At the conclusion of voir dire, the trial counsel exercised his peremptory challenge against the only female court member. Although the defense did not object, the military judge asked trial counsel for a gender-neutral basis for the strike. The trial counsel claimed that the court member had "a fairly stern disposition ... not something [the prosecution] would like to have on the panel." ·The defense counsel contended this reason was a pretext for improper discrimination. The military judge noted, "... that her comments were non-smiling, but I mean...." Before the military judge could finish his thought, the trial counsel offered additional support for the peremptory challenge—that the court member had failed to respond to a vast majority of the voir dire questions. The defense counsel complained that this supporting rationale should not "overcome the pretext" of the initial proffer. The military judge found that the challenged court member was "non-responsive not to the point that it really required a response, but at least all the other court members did respond in some form." He then concluded that "it wasn't the only time she didn't respond. So I find that the basis as stated is a sufficient, non-gender based reason." The military judge sustained the peremptory challenge.

Gender based peremptory challenges are prohibited in courts-martial. *United States v. Witham,* 47 M.J. 297, 298 (1997), *cert. denied,* 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998) (citing *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994)). When such a peremptory strike is contested, the military judge must determine whether or not the strike is impermissibly based on purposeful discrimination. *United States v. Greene,* 36 M.J. 274, 281 (C.M.A.1993) (citing *Hernandez v. New York,* 500 U.S. 352, 363, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). The military judge's determination that there is no pur-

poseful discrimination is a factual finding that will be overturned only if it is clearly erroneous. *Id.* at 281 (citing *Hernandez,* 500 U.S. at 364–365, 111 S.Ct. 1859).

Peremptory challenges,· especially those based on the demeanor of court members, present special challenges in light of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and its progeny. Despite the gender/race-neutral nature of demeanor, the U.S. Court of Appeals for the Armed Forces has been unwilling to accept the bare assertion of demeanor as sufficient basis to support a gender or race suspect peremptory strike. *United States v. Tulloch,* 47 M.J. 283, 288 (1997). Supporting demeanor based peremptory challenges requires strict adherence to the methodology imposed by our superior court. This procedure requires three steps:

1) Objection by the opposing party that the peremptory strike is improperly based on gender or race. *United States v. Moore,* 28 M.J. 366, 368 (C.M.A.1989).

2) Proffer of a "clear and reasonably specific explanation of [a] legitimate" race/gender neutral reason for the challenge from the party attempting to exercise the strike. *Moore,* 28 M.J. at 369 (citing *Batson v. Kentucky,* 476 U.S. at 98–99, 106 S.Ct. 1712); *Tulloch,* 47 M.J. at 288.

3) A finding of fact by the military judge determining the presence or absence of purposeful discrimination in the panel member's rejection. *Greene,* 36 M.J. at 281 (citing *Hernandez,* 500 U.S. at 364–365, 111 S.Ct. 1859). To reach this final finding of fact, the military judge should make three intermediate findings:

First, that the behavior or demeanor giving rise to the peremptory challenge in fact occurred. To determine if the behavior occurred, the military judge may (a) rely on his own observation of the demeanor; (b) rely on the concurrence of both parties that the demeanor occurred; (c) individually question the court member about the behavior; or, (d) inquire of other witnesses to the proceeding (e.g. the court reporter, the

bailiff, or others)' if they observed the behavior.

Second, that the party wishing to exercise the strike has proffered a supporting reason that (a) is clear, reasonably specific, and gender/race neutral; (b) is not unreasonable, implausible, or nonsensical; and (c) demonstrates some connection to the member's ability to faithfully execute court-martial duties, *Tulloch*, 47 M.J. at 288. The rationale offered as a connection between demeanor and ability to serve need not be sufficient to sustain a challenge for cause. *United States v. Kelley*, 50 M.J. 501, 504–505 (A.F.Ct.Crim.App.1998) (citing *Batson*, 476 U.S. at 97, 106 S.Ct. 1712); *Hernandez*, 500 U.S. at 362–363, 111 S.Ct. 1859.

Third, that the party's proffer is sincere based on the military judge's knowledge of counsel, his observation of counsel's demeanor at trial, and his evaluation of other available evidence. *Greene*, 36 M.J. at 281 (citing *Hernandez*, 500 U.S. at 364–365, 111 S.Ct. 1859).

Although the military judge did not specifically articulate a finding of no purposeful discrimination in this case, we presume he intended such a conclusion as he upheld the peremptory challenge. *See United States v. Gray*, 51 M.J. 1, 34–35 (1999) (finding military judge's conduct amounting to an implied ruling "that trial counsel's explanation was genuine and that appellant's *Batson* claim was without merit."). In reaching that conclusion, the military judge relied on his factual determination that the court member was nonresponsive during voir dire. However, on at least forty occasions, the military judge or some other trial participant noted for the record that the court members—all of them—responded to the voir dire questions posed at trial—all of them. Neither the military judge nor the parties can allow the record of trial to reflect that a court member is responsive and expect this Court to conclude otherwise.

Trial counsel first offered stern demeanor as a gender-neutral reason in support of his peremptory challenge. Although the military judge said that the member's demeanor was "non-smiling," no one at trial offered any clear connection between the member's demeanor and her ability to faithfully execute her duties. *Tulloch*, 47 M.J. at 288. When the trial counsel later added nonresponsiveness to his rationale for the challenge, he was unclear as to whether he offered it as a connection between stern demeanor and ability to serve or as a separate gender-neutral basis for the challenge. It is unimportant. The member's nonresponsiveness is not supported by the record and thus it can serve neither as a separate rationale for the challenge nor as an explanation for the connection between stern countenance and ability to serve as a court member. In either case, the military judge's ultimate finding of no purposeful discrimination fails because it was based either on the trial counsel's proffer of stern demeanor, a rationale without logical connection to the member's ability to serve, or on his determination that the court member was nonresponsive during voir dire, a fact that is unsupported by the record.

The findings of guilty and the sentence are set aside. The convening authority may order a new hearing.

Senior Judge YOUNG and Senior Judge SPISAK concur.