**UNITED STATES, Appellee,**

v.

**Glenn E. HURN, Corporal, U.S. Marine Corps, Appellant.**

No. 00–0301.
Crim.App. No. 98–0200.

U.S. Court of Appeals for the Armed Forces.

Argued Feb. 7, 2001.

Decided Sept. 27, 2001.

Crawford, Chief Judge, filed dissenting opinion.

Sullivan, J., filed dissenting opinion.

GIERKE, J., delivered the opinion of the Court, in which EFFRON and BAKER, JJ., joined. CRAWFORD, C.J., and SULLIVAN, J., each filed a dissenting opinion.

For Appellant: *Captain Curtis M. Allen,* USMC (argued).

For Appellee: *Major Mark K. Jamison,* USMC (argued); *Colonel Mark W. Fisher, Jr.,* USMC, and *Lieutenant Commander Philip L. Sundel,* JAGC, USNR (on brief).

Amicus Curiae: *Douglas K. Yatter* (law student)(argued); *Steven H. Goldblatt* (director), *Wendy M. Marantz* (supervising attorney), and *Hilary C. Kivitz* (law student)(on brief)—For the Georgetown University Law Center.

Judge GIERKE delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of rape of a child under 16 years of age, larceny of a motor vehicle, forcible sodomy of a child under 16 years of age, four specifications of assault of a child under 16 years of age, indecent acts with a child under 16 years of age, and indecent assault of a child under 16 years of age, in violation of Articles 120, 121, 125, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 921, 925, 928, and 934, respectively. The adjudged and approved sentence provides for a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and reduction to pay grade E–1. The Court of Criminal Appeals affirmed the findings and sentence. 52 MJ 629 (1999).

On appellant's petition, we granted review of the following issues: [1]

I. WHETHER THE MILITARY JUDGE ERRED BY GRANTING THE TRIAL COUNSEL'S PEREMPTORY CHALLENGE AGAINST THE SOLE NON–CAUCASIAN MEMBER OF THE COURT–MARTIAL, WHERE THE TRIAL COUNSEL DID NOT ADVANCE A RACE–NEUTRAL REASON FOR THE CHALLENGE.

II. WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY RETROACTIVELY APPLYING A PROCEDURAL BAR TO A CONSTITUTIONAL CLAIM.

III. WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY CONSIDERING A POST–TRIAL AFFIDAVIT FROM THE TRIAL COUNSEL OFFERING A SUPPLEMENTAL RACE–NEUTRAL REASON FOR EXCUSING THE SOLE MINORITY MEMBER ON APPELLANT'S COURT–MARTIAL.

For the reasons set forth below, we remand for further proceedings.

**A. THE PEREMPTORY CHALLENGE**

Appellant elected to be tried by a panel composed of at least one-third enlisted members. *See* Art. 25(c)(1), UCMJ, 10 USC § 825(c)(1); RCM 503(a)(2), Manual for Courts–Martial, United States (2000 ed.).[2] Following group and individual *voir dire* of the panel, the military judge granted two challenges for cause, which reduced the original ten-member panel to eight members—five officers and three enlisted persons. The trial counsel then exercised his peremptory challenge against Lieutenant Colonel (LtCol) Ayala, the only non-Caucasian officer on the panel. This peremptory challenge resulted in the following colloquy:

Military Judge: All right, thank you. Defense, would you care to use your peremptory challenge?

---

1. We heard oral argument in this case in the Philip A. Hart Moot Courtroom, Georgetown University Law Center, Washington, D.C., as part of this Court's Project Outreach. *See United States v. Allen,* 34 MJ 228, 229 n. 1 (CMA 1992).

2. *This Manual provision is identical to the one in effect at the time of appellant's court-martial.*

Defense Counsel: We would, sir, but we'd like to ask for a race-neutral basis for the challenge on Colonel Ayala.

Military Judge: What?

Defense Counsel: We'd like to know—

Military Judge: Colonel Ayala appears to be of Hispanic descent.

Defense Counsel: Yes, sir. I think that *Batson* or its progeny has extended the doctrine to—

Military Judge: Not as far as you're pushing it, but go ahead anyway, Government, and put it on the record why you want to get rid of Colonel Ayala.

Trial Counsel: Sir, the reason the government actually exercised the peremptory was to protect the panel for quorum.

Military Judge: Thank you, that's race neutral. Go ahead, defense. Do you want to use [your peremptory challenge] or not?

Defense Counsel: Yes, sir, we would. We'd like to peremptorily challenge Colonel Blickensderfer.

Military Judge: Okay. Thank you. That will give us a panel—

## B. QUORUM CONSIDERATIONS

The Government's reference to "protect[ing] the panel for quorum" reflected the fact that after challenges for cause, there were eight members—five officers and three enlisted members. If the defense peremptorily challenged an enlisted member, the panel's composition would fall below the minimum one-third enlisted quorum. The prosecution, by using its peremptory challenge to remove an officer, ensured that a peremptory challenge by the defense would not place the enlisted composition below the one-third minimum.

In an affidavit submitted on November 8, 1999, more than two-and-a-half years after the trial, trial counsel stated that he had known LtCol Ayala professionally for about two years, and that he respected him and knew him to be fair. Trial counsel further stated that before the trial, LtCol Ayala told him that, because of his heavy workload, he hoped he would not be seated on the panel. Thus, when it became apparent that the prosecution needed to challenge one officer

to protect the quorum, trial counsel "decided to do him a favor and challenge him off the panel so he could return to his duties." Finally, trial counsel stated that he was unable to articulate his additional reason on the record because "the military judge accepted [his] stated reason ... and quickly moved on to a defense peremptory challenge."

## C. EVALUATION OF PEREMPTORY CHALLENGES

▇▇▇ Under the equal protection and due process requirements of the Constitution, a party may not utilize a peremptory challenge to exclude persons from the jury venire on account of race or gender. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *United States v. Santiago–Davila*, 26 MJ 380 (CMA 1988); U.S. CONST. amend. V and XIV. In *United States v. Moore*, 28 MJ 366, 368 (CMA 1989), this Court adopted a *per se* rule: upon timely objection to a peremptory challenge, a *prima facie* case of discrimination is established, and the burden shifts to the challenging party to give a race-neutral explanation. The burden remains on the challenging party until a race-neutral reason is given. This Court has further held that, because of the differences in military and civilian tribunals and our holding in *Moore*, a trial counsel may not exercise a peremptory challenge "on the basis of a proffered reason, under *Batson* and *Moore*, that is unreasonable, implausible, or that otherwise makes no sense." *United States v. Tulloch*, 47 MJ 283, 287 (1997).

▇▇▇ We hold that the reason proffered in this case does not satisfy the underlying purpose of *Batson, Moore*, and *Tulloch*, which is to protect participants in judicial proceedings from racial discrimination. *See also Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (race-based peremptory challenge violates equal protection rights of excluded juror). Trial counsel stated only that he exercised a peremptory challenge to protect the quorum. If trial counsel's purpose was to

protect the quorum, he could have accomplished that by challenging any other officer member. Defense counsel's objection to trial counsel's challenge of LtCol Ayala, the only non-Caucasian member, established a *prima facie* case of racial discrimination. *See Moore, supra.* Trial counsel did not overcome this *prima facie* case of discrimination, because he failed to explain why he challenged the only non-Caucasian officer instead of any of the Caucasian officers. Faced with trial counsel's unresponsive explanation and an unrebutted *prima facie* case of discrimination, the military judge was required to make further inquiry or deny the peremptory challenge. Because the military judge did neither, we must remand the case.

■ The court below held that the military judge erred but that the error was waived. 52 MJ at 630–31. Under the circumstances of this case, we decline to apply waiver. The purpose of requiring a specific objection is to alert the military judge to a disputed issue so that he can resolve it. The record reflects that defense counsel made a timely *Batson/Moore* objection. The military judge responded by twice interrupting defense counsel in mid-sentence, asserting that *Batson* did not go "as far as you're pushing it," and ruling that trial counsel's "reason" was race-neutral, without giving defense counsel an opportunity to disagree. As noted above, trial counsel's post-trial affidavit also asserts that the military judge cut off discussion before he had an opportunity to fully explain his reasons for challenging LtCol Ayala on the record.

■ With respect to Issue III, we believe that permitting trial counsel to offer a different reason for the peremptory challenge by means of an *ex parte* affidavit submitted more than two-and-a-half years after the fact would undermine the procedures adopted by this Court in *Moore* and *Tulloch.* The affidavit sets out a reason that is different from trial counsel's stated reason at trial, and it appears to differ from LtCol Ayala's negative response during *voir dire* when he was

asked, "Do any of you have any type of personal or professional obligation that might cause you to be unable to devote your full attention to these proceedings?"

This Court reached the outer limit on consideration of *ex parte,* after-the-fact justification for a peremptory challenge in *United States v. Gray,* 51 MJ 1, 33–35 (1999). In *Gray,* defense counsel had an opportunity, while the court-martial was still in session, to dispute trial counsel's explanation for the peremptory challenge. In this case, trial counsel's posttrial explanation has not been tested in an adversarial setting. Defense counsel has not had an opportunity to dispute trial counsel's post-trial explanation, and there has been no factual determination by a military judge. Thus, the lower court's finding that trial counsel's posttrial explanation was race neutral (52 MJ at 632) does not end the inquiry.

In *United States v. Ginn,* 47 MJ 236 (1997), this Court recognized the broad, fact-finding power of the Courts of Criminal Appeals. This Court also recognized, however, that "Congress intended a Court of Criminal Appeals to act as factfinder in an appellate-review capacity" only after a trial court made findings based on its consideration of the evidence, "and not in the first instance as a trial court." *Id.* at 242; *see also United States v. Tucker,* 836 F.2d 334, 340 (7th Cir.1988) (adversarial hearing preferred to resolve *Batson* issues); *United States v. Alcantar,* 832 F.2d 1175 (9th Cir.1987) (adversarial hearing required).

Our previous decisions in *Moore* and *Tulloch* compel us to set aside the decision below. In accordance with our precedent, we will order a factfinding hearing to determine the reasons for the peremptory challenge. *See United States v. Ruiz,* 49 MJ 340, 345 (1998); *Moore,* 28 MJ at 368–69; *United States v. Santiago–Davila,* 26 MJ 380, 393 (CMA 1988); *accord Jones v. Plaster,* 57 F.3d 417, 421 (4th Cir.1995); *United States v. Chalan,* 812 F.2d 1302, 1314 (10th Cir.1987).[3]

---

**3.** We did not remand in *United States v. Tulloch* because of the appellate posture of the case. The court below had determined that the military

judge erred by accepting an explanation that was not "a reasonable, racially neutral explanation." The certified issues before us challenged the low-

## D. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a convening authority for a factfinding hearing, with both the prosecution and defense present and participating, for an inquiry into the prosecution's reasons for exercising its peremptory challenge against LtCol Ayala. If the original trial counsel is unable to participate as trial counsel because of his release from active duty, he will be summoned as a witness. After such proceedings are concluded, the record, along with the military judge's findings and conclusions, will be returned directly to this Court. If a factfinding hearing is impracticable, the convening authority may set aside the findings and sentence and order a rehearing.

CRAWFORD, Chief Judge (dissenting):

Trial counsel's explanation for challenging Lieutenant Colonel Ayala, to protect against defense counsel peremptorily challenging an enlisted member, thereby reducing the court-martial panel below the required one-third quorum and delaying the trial while the convening authority appointed additional enlisted members, was a "facially valid" reason for the peremptory challenge. *See Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). As I have stated on prior occasions, I can find no reason why this Court should deviate from the Supreme Court's teaching in *Purkett*. *See United States v. Chaney*, 53 MJ 383, 386 (2000) (Crawford, C.J., concurring in the result); *United States v. Norfleet*, 53 MJ 262, 273 (2000) (Crawford, C.J., concurring in part and in the result); *United States v. Tulloch*, 47 MJ 283, 289 (1997) (Crawford, C.J., dissenting).

Under either *Purkett* or the more restrictive standard of *Tulloch, supra* at 287, appellant has failed to demonstrate that trial counsel's challenge of Lieutenant Colonel Ayala constituted a denial of equal protection. To the contrary, trial counsel's challenge was legitimate, reasonable, and made good sense. Accordingly, I would affirm the decision of the United States Navy–Marine Corps Court of Criminal Appeals.

SULLIVAN, Judge (dissenting):

The majority sets aside the Court of Criminal Appeals decision affirming appellant's life sentence and his criminal conviction for the rape, *inter alia*, of a 14–year–old girl. It does so based on post-trial speculation about the motive of the Government in exercising a peremptory challenge. Appellant argues on appeal that trial counsel's "numbers game" reason was not race-neutral, in view of the fact that it could have equally applied to other unchallenged Caucasian officers on the court. Unlike the majority, I would follow Supreme Court case law, particularly when such an argument is presented for the first time on appeal. *See generally New York v. Hill*, 528 U.S. 110, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000). In my view, waiver clearly occurred here by appellant's failure to make this argument at trial. *See United States v. Elliott*, 89 F.3d 1360, 1367 (8th Cir.1996). Therefore, I would affirm.

With respect to *Batson* challenges, my position is clear. *See United States v. Chaney*, 53 MJ 383, 386 (2000) (Sullivan, J., concurring in the result); *United States v. Tulloch*, 47 MJ 283, 289 (1997) (Sullivan, J., dissenting). *See also United States v. Norfleet*, 53 MJ 262, 273 (2000) (Sullivan, J., concurring in part and in the result). Moreover, I continue to urge Congress to eliminate the peremptory challenge in the military justice system. *United States v. Tulloch, supra* at 289 n.\*; *United States v. Chaney, supra* at 386.

er court's reversal of the military judge's ruling but did not challenge the remedy ordered by the court below, which was to set aside the contested findings of guilty and the sentence and authorize a rehearing.