UNITED STATES, Appellee

v.

Glenn E. HURN, Corporal
U.S. Marine Corps, Appellant

No. 00-0301

Crim. App. No. 98-0200

---

United States Court of Appeals for the Armed Forces

Decided April 23, 2003

Counsel

For Appellant: Captain Curtis M. Allen, USMC (argued); Lieutenant Marcus N. Fulton, JAGC, USN.

For Appellee: Major Mark K. Jamison, USMC (argued); Colonel Mark W. Fisher Jr., USMC, and Lieutenant Commander Philip L. Sundel, JAGC, USNR (on brief); Colonel Rose M. Favors, USMC, Commander Robert B. Taishoff, JAGC, USN, and Lieutenant Ross W. Weiland, JAGC, USNR.

Amicus Curiae:  Douglas K. Yatter (law student)(argued); Steven H. Goldblatt (director), Wendy M. Marantz (supervising attorney), and Hilary C. Kivitz (law student)(on brief) – For the Georgetown University Law Center.

Military Judge:  J. A. Bukauskas

**This opinion is subject to editorial correction before final publication.**

PER CURIAM:

After the United States Navy-Marine Corps Court of Criminal Appeals affirmed the Appellant's conviction and sentence[1] (United States v. Hurn, 52 M.J. 629 (N-M. Ct. Crim. App. 1999)), this Court remanded the record for a factfinding hearing regarding the prosecution's reasons for exercising its peremptory challenge against the only non-Caucasian officer on the court-martial panel, Lieutenant Colonel (LtCol) Ayala. United States v. Hurn, 55 M.J. 446 (C.A.A.F. 2001). Having reviewed the record of the factfinding hearing, we now affirm the decision below.

At trial, the trial counsel had responded to the defense's Batson[2] objection to the peremptory challenge by stating that he exercised it "to protect the panel for quorum." Id. at 448.[3] The military judge did not ask for an explanation why one of the four Caucasian officers was not peremptorily challenged instead of the one non-Caucasian officer.

---

[1] Appellant was convicted of multiple sexual offenses with a child and larceny of a motor vehicle, and sentenced to a dishonorable discharge, total forfeitures, confinement for life, and reduction to the lowest enlisted grade.

[2] Batson v. Kentucky, 476 U.S. 79 (1986), prohibits peremptory challenges based on race. This Court has adopted a per se application of Batson, placing the burden on the challenging party, upon timely objection, to provide a race-neutral explanation for the challenge. United States v. Moore, 28 M.J. 366, 368 (C.M.A. 1989). The proffered reason for the challenge may not be one "that is unreasonable, implausible, or that otherwise makes no sense." United States v. Tulloch, 47 M.J. 283, 287 (C.A.A.F. 1997).

[3] After challenges for cause, the panel consisted of five officer and three enlisted members. By using a peremptory challenge against an officer, the prosecution ensured that a peremptory challenge of an enlisted member would not cause the panel to fall below the minimum one-third enlisted membership.

Over two-and-a-half years after the trial, while this case was before the Court of Criminal Appeals, the trial counsel submitted an affidavit, stating that when he notified LtCol Ayala of his selection for court-martial duty (in accordance with R.C.M. 502(d)(5) discussion), LtCol Ayala expressed hope that he would not be seated on the panel because he was extraordinarily busy. However, at the court-martial, LtCol Ayala responded in the negative when the military judge asked if any member had a personal or professional obligation that might cause the member to be unable to devote full attention to the court-martial.

The trial counsel's affidavit also stated that he had known LtCol Ayala professionally for about two years, respected him, and considered him to be fair. The trial counsel "decided to do him a favor and challenge him off the panel so he could return to his duties." Hurn, 55 M.J. at 448. Finally, the trial counsel stated that the military judge cut off discussion before he had an opportunity to fully explain his reasons for challenging LtCol Ayala on the record. Id. at 449.

This Court declined to resolve the Batson issue based on trial counsel's ex parte affidavit, for the following reasons: (1) the affidavit appeared to differ from LtCol Ayala's response to the military judge's inquiry, (2) the affidavit had not been tested in an adversarial setting, (3) the defense counsel had not had an opportunity to dispute the affidavit, and (4) there had been no factual determination by the military judge that the trial counsel's explanation was credible and race neutral. Thus, this Court ordered further inquiry into the reasons for the trial counsel's peremptory challenge.

At the factfinding hearing, the trial counsel was summoned as a witness, as required by this Court's mandate. At the hearing, trial counsel testified consistently with the record of trial and his earlier affidavit. He testified that when LtCol Ayala expressed concern about his "pressing workload," he "gave him the standard advice that [he] gave all prospective members for the panel, that the general nominated him, that he would have to appear." He informed LtCol Ayala that he could inform the court about his workload concerns, but that he was still required to appear at the first day of trial. The trial counsel testified that no other officer member had expressed concerns to him about conflicting workload. He testified that LtCol Ayala's negative response to the military judge's inquiry did not appear to be inconsistent with his own conversation with LtCol Ayala. To the contrary, it was consistent with the trial counsel's understanding of LtCol Ayala: "that if he had to work here at a court-martial for 10 hours and then go back to his office for four or five hours, that's what Lieutenant Colonel Ayala would do."

An affidavit from Colonel (then LtCol) Ayala was received in evidence without objection from either side. Colonel Ayala explained his answer to the military judge's inquiry about conflicting obligations as follows:

> I do not remember clearly the judge's questions and my responses during "voir dire," but I remember feeling by then that although I had a lot on my plate, the Commanding General had selected me and in essence had ordered me to set aside those duties and do the court-martial.

The military judge made detailed findings of fact and conclusions of law. He specifically found that the trial counsel's explanation at trial, "although it was incomplete, is not inconsistent with his fuller explanation at this hearing." He found the trial counsel to be "both credible and forthcoming."

The military judge found Colonel Ayala's affidavit consistent with the trial counsel's testimony. He "accept[ed] as credible" Colonel Ayala's explanation for his response to the military judge's inquiry regarding conflicting workloads. He concluded by finding:

> I find that [the trial counsel], in deciding on whom he would exercise his peremptory challenge, focused first on officers because of his concern regarding quorum, and then on Colonel Ayala because of the previous communication he had with Colonel Ayala regarding his schedule and desire not to be a member. I find this explanation to be race-neutral and specific, reasonable, and plausible, given all the circumstances of this case.

The military judge's determination that the trial counsel's peremptory challenge was race-neutral is entitled to "great deference" and will not be overturned absent "clear error." United States v. Williams, 44 M.J. 482, 485 (C.A.A.F. 1996). We hold that the military judge's ruling at the factfinding hearing was not "clear error." Accordingly, the decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

CRAWFORD, Chief Judge (concurring in the result):

I concur in the result.  This case is fact specific, thus it is not inconsistent with our prior case law and federal practice, which provide that "in the event . . . post-trial proof becomes necessary to decide a Batson [v. Kentucky[1]] issue, we [should] not rule out consideration of a clearly articulated affidavit."[2]  Where there is no challenge to the reason given or to the party's credibility, an affidavit,[3] sidebar conference,[4] or in camera procedure may be sufficient[5] without ordering a hearing pursuant to United States v. DuBay.[6]

---

[1] 476 U.S. 79 (1986).
[2] United States v. Moore, 28 M.J. 366, 368 n. 7 (C.M.A. 1989).
[3] United States v. Davis, 809 F.2d 1194, 1202 (6th Cir. 1987); see also United States v. Cox, 23 M.J. 808, 811 (N-M Ct. Crim. App. 1986)(prosecutor's post-trial affidavit met government's burden under Batson v. Kentucky, 476 U.S. 79 (1986)).
[4] United States v. Romero-Reyna, 867 F.2d 834 (5th Cir. 1989).
[5] See, e.g., United States v. Tindle, 860 F.2d 125 (4th Cir. 1988).
[6] 17 C.M.A. 147, 37 C.M.R. 411 (1967).